THE STATE, TO USE OF MILLER'S ADMINISTRATOR, Defendant in Error, v. BIDLINGMAIER, Plaintiff in Error.

1. Where the interests of two estates in course of settlement conflict—as where there is a demand in behalf of one estate to be presented for allowance against the other—the same person can not act as the administrator of both estates in the matter of obtaining an allowance of the demand; should a demand be allowed under such circumstances against one of the estates, the proceeding will be regarded as a nullity.

*Error to St. Louis Court of Common Pleas.*

This was a suit brought by and on the relation of Adolph Kehr, as administrator *de bonis non* of Catherine Müller, deceased, against Bidlingmaier and others, securities in the administration bond of Jacob Müller, deceased, who was the administrator of said Catherine up to the time of his death and prior to the appointment of Kehr. The breach assigned was the alleged nonpayment to said Kehr of a balance found on a settlement of said Jacob's account with the estate of said Catherine, to be due by him to said estate.

The defences set up were that said alleged final settlement was unfair, false and erroneous; that it was invalid and of no force and effect as against said securities; that said securities were not notified of said settlement and had no opportunity to defend against the same; that said Jacob was the owner of the property (except the real estate), and that it was inventoried by him as belonging to said estate by mistake and through ignorance.

The case was tried by the court, and the facts set forth in

its finding are substantially as follows : On the 22d day of June, 1850, the bond sued upon was executed and Jacob Müller appointed administrator of said Catherine Müller. He died July 3, 1854, leaving his administration unsettled. On the 6th day of July, 1854, said Kehr was appointed his administrator, and on November 6, 1854, said Kehr was also appointed administrator *de bonis non* of said Catherine Müller.  On the 21st day of March, 1855, at the March term of the St. Louis probate court, said Kehr, as administrator of Jacob Müller, made final settlement of said Jacob's administration of said Catherine's estate, and a balance of $10,449.35 was adjudged to be due from said Jacob's estate to said Catherine's estate.  The court further found that the amount due at the date of the trial was $8,194.91, and rendered judgment for the penalty of the bond, assessing the damages at the sum last above named.

A motion for a review was overruled.

*Krum & Harding* and *Hamilton*, for plaintiffs in error.

I. The court below should have given judgment for defendant ; 1st, because the alleged settlement was unfair, irregular, false and void as to the securities.  The policy of the law should not permit an administrator of one estate to make a settlement charging the estate with indebtedness to another estate of which he is also administrator, thus occupying the position of plaintiff and defendant ; 2d, because if such a course be permitted at all, enough is shown in this case to impeach the settlement for fraud ; 3d, because an administrator *de bonis non* can not sue the securities of his predecessor for a balance due by the predecessor to the decedent's estate.  The administrator *de bonis non* can only administer the goods and assets remaining unadministered.  Creditors, legatees and distributees are the only parties who can sue upon the bond.  (6 Ala. 36 ; 6 S. & M. 323 ; 20 Mo. 99 ; R. C. 1845, art. 7, sec. 6, Administration Act.)  4th, because it does not appear that the estate of Jacob Müller was insolvent, or that any attempt has been made to collect the bal-

ance claimed from his estate, or judgment order in favor of Catherine Müller's estate against him. (3 Brev. 530 ; 6 Ala. 36 ; 2 Black. 52.)

*Whittelsey*, for plaintiff in error.

SCOTT, Judge, delivered the opinion of the court.

There seems to be a departure from correct principles in the management of this suit. This is to be attributed to the action of the probate court in permitting the same individual to represent interests hostile to each other. The record offered in evidence shows that Adolph Kehr—as administrator of Jacob Müller, who was administrator of Catherine Müller—voluntarily appeared in court, and made a settlement of his account as such administrator, he (the said Adolph Kehr) being also the administrator of Catherine Müller. Adolph Kehr, as administrator of Catherine Müller, could not settle an account with the same Adolph Kehr, as administrator of Jacob Müller. As the claims of the two estates were antagonistic they should have been represented by different persons. As this dilemma was produced by the taking upon himself the administration of two estates the interests of which were conflicting, Kehr should have resigned one of those administrations when this conflict of interest appeared. Fair dealing required such a course, and it was necessary to preserve the proceedings from suspicion. If any error had been committed in such a proceeding to the prejudice of Jacob Müller's estate, who was there to protect it by an appeal? The administrator was interested by way of commissions in making the settlement. There is no other mode of treating such irregularities than by regarding the proceedings in which they occur as nullities. This is in accordance with the principle of Caldwell v. Lockridge, 9 Mo. 358, which maintains that, where a proceeding was had in the county court under such circumstances that a party affected by it had no opportunity of appealing, the proceeding would be regarded as a nullity.

The real plaintiff, Kehr, not yet satisfied, brings this suit, by which he would reap the fruits of his conduct in the probate court. Although this action is brought in the name of the State nominally, yet the real party is he for whose use the suit is brought. That party is Adolph Kehr, as administrator of Catherine Müller. The suit is brought on a bond in which Jacob Müller is the principal, and the same Adolph Kehr is his administrator. It is true it is only against the sureties to the bond. But have not those sureties a right to all the defence that the administrator of Jacob Müller could make to the action? All the books, papers and accounts, to the use of which the securities are entitled, are in the hands of him who is prosecuting this suit. So, in effect, Adolph Kehr, as administrator of one estate, is prosecuting a suit against Adolph Kehr, as administrator of another estate. How is the defendant's estate to be protected? It is not for Kehr, with the bias on his mind, to determine whether it is indebted or not. That estate should be defended by one who has not an interest that it should go undefended. By holding on to the administration of Jacob Müller's estate, he puts it out of the power of these defendants to make a defence. Had this suit been brought against the administrator of Müller as well as against the sureties, the irregularity of the proceeding would have been apparent; but Kehr, availing himself of the statute which allows any one or more of the parties to a contract to be sued, omits suing himself, and only sues the sureties, he himself representing the principal in the bond. A party by his own act should not obtain this undue advantage. There is no reason nor necessity for making the law the instrument of such injustice. There is no want of persons willing to become administrators. The interests of estates should not be sacrificed that one man may administer many of them. The whole difficulty would have been obviated if Adolph Kehr, as soon as it was apparent that the interests of the estates of Jacob and Catherine Müller were hostile to each other, had yielded up the administration of one of them. The securities of Jacob Müller have just cause

of complaint against such proceedings; and when there is no necessity for it, the law should not tolerate them. It was not in the power of the sureties of Jacob Müller to have had his administrator, Kehr, removed, that they might have had the benefit of a defence supported by such evidence as might have been in the hands of the administrator. The power in the court to compel a production of papers had nothing to do with the case. By his undue desire of administrationships, Kehr could not impose on the defendants any such burden, who had a right to all the aid in their defence that a lawful and faithful administrator of Müller could give them.

The case does not involve the question whether in this state an action can be brought against an heir on the bond of his ancestor before the administration is settled and the debts are paid. It is averred in the petition that the administration on the estate of Fincke was closed; from which we infer there was no other debt than this, as there was no point made in relation to it in the court below.

The judgment is reversed and the cause remanded; the other judges concur.