THE STATE, TO USE OF MUELLER'S ADMINISTRATOR, Appellant,
v. REINHARDT *et al.*, Respondents.

1. Where the interests of two estates in course of settlement conflict — as where there is a demand in behalf of one estate to be presented for allowance against the other — the same person can not act as the administrator of both parties in the matter of the obtaining an allowance of the demand; should a demand be allowed under such circumstances against one of the estates, the proceeding will be regarded as a nullity. (State, to use, &c., v. Bidlingmaier, 26 Mo. 483, affirmed.)

2. In a suit against the securities in an administrator's bond for a failure of the administrator to pay over a balance found due on settlement, one of the securities resisted successfully on the ground that the settlement was a nullity; *held*, that the plaintiff was entitled, as against the other defendants against whom a judgment by default had been rendered, to nominal damages only.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit brought by the administrator of Catherine Mueller, deceased, against Bidlingmaier and others, securities on the administration bond of Jacob Mueller, deceased, who had been administrator of said Catherine up to the time of his death and the appointment of the plaintiff Kehr as administrator *de bonis non*. Kehr also acted as administrator of said Jacob Mueller. Said Kehr, as administrator of Jacob Mueller, made final settlement of said Jacob's administration of said Catherine's estate, and a large balance was adjudged to be due from Jacob's estate to Catherine's estate. The failure to pay this constitutes the breach complained of. This court decided that the settlement was a nullity; (26 Mo. 483;) and the case, on being called in the court below, the plaintiff dismissed as to Bidlingmaier, and the damages were assessed by the court without a jury. The plaintiff claimed on the assessment of damages that the default admitted all the facts stated in the petition, and the amount due upon the settlement set forth in the petition. The court refused so to declare the law. The plaintiff then offered in evidence the settlement referred to above, as also a settle-

ment made by Jacob Mueller in his lifetime. The court excluded the evidence. The court found the damages at one cent.

*Whittelsey*, for appellant.

I. The court below erred in refusing to declare that the default admitted all the facts stated in the petition, and the amount due upon the settlement therein set forth. Upon the petition it did not appear who made the settlement for Mueller, nor who was his administrator. The material allegations of a petition not denied are to be taken to be true. (R. C. 1855, p. 1232, § 12; p. 1238, § 48.) The records of the probate court were evidence as to the amount due, and in the absence of fraud were conclusive. This position is, it is true, in conflict with the decision of this court in 26 Mo. 483. The court is asked to review its decision. The rule laid down is contrary to sound principle, to the general tenor of the decisions of this court and of the courts of other states having similar statutes. The decision of a court of peculiar and exclusive jurisdiction, upon a matter within its jurisdiction, is conclusive not only upon the parties, but even as to strangers, in the absence of fraud. (4 Wash. C. C. 657, 715; 14 S. & R. 184, 443; 1 Conn. 7.) The settlements of the accounts of administrators can not be impeached in actions on the bonds. (20 Pick. 57; 6 id. 423; 7 Rich. 1; 14 Pick. 405; 1 Conn. 467; 4 Day, 415; 4 Wend. 436; 1 Harp. 31; 3 McCord, 225; 17 S. & R. 376; 2 Rawle, 287; 5 id. 266; 1 Whart. 96; 2 Watts, 161; 27 Mo. 340, 399.) The probate court is established under the constitution. (Art. 5, § 1 & 12; R. C. 1855, p. 76—90.) The county or probate court is a court of record. (R. C. 1855, p. 536, § 23.) It has exclusive original jurisdiction in " the settlement and allowance of accounts of executors, administrators and guardians." (R. C. 1855, p. 534, § 15; 24 Mo. 265.) The judgment of a court of competent jurisdiction can not be impeached collaterally. (9 Mo. 362, 784; 8 Mo. 169; 15 Mo. 313; 20 Mo. 87, 95; 15 Mo. 225; 23 Mo. 236; 27

Mo. 340, 399.) The suit on the bond was properly brought and the securities are liable for the amount in the hands of the administrator. (9 Mo. 632; 9 Mo. 356, 769; 15 Mo. 490, 293; 9 Mo. 356; 27 Mo. 340; 10 Mo. 724; 12 Mo. 178; R. C. 1855, p. 120, § 44, 45, 46; 7 Mo. 469.) There was no error committed in fact by the probate court. An administrator may come into the administration of successive estates. The statute contemplates that case as regards executors. (2 Black. Com. 506; 1 Com. Dig., Administration G., p. 471; 1 Williams on Exec'rs, 207; R. C. 1825, p. —, § 3; R. C. 1835, p. 41; R. C. 1845, p. 63; R. C. 1855, p. 113.) At the death of Catherine Mueller, Jacob Mueller had not reduced the property into possession and he was accountable for it to the next of kin. (10 Mo. 372; 19 Mo. 404.) It has been the common practice to appoint the administrator of an administrator *de bonis non* of the first intestate. If such proceedings are nullities, the titles to large interests in lands will be seriously affected.

*Hamilton*, for respondents.

I. This is but an attempt to evade the force of the decision already made in this cause declaring the settlement made by Kehr a nullity. The dismissal as to Bidlingmaier could not cure this radical defect in the plaintiff's case, or render the settlement operative as against the other defendants. The decision is based upon the elementary idea that legal parties are essential to a judgment as an *ens juris*. Kehr acted in a twofold character. The default entitled the plaintiff to only nominal damages. As the settlement could not be rendered available, he had nothing else to go upon; under his petition no other testimony could be introduced.

EWING, Judge, delivered the opinion of the court.

This case, as it is now before us, presents no question not involved in the decision heretofore made; (26 Mo. 483;) for the points now made depend upon the effect of the settlement passed upon in that decision.

After Bidlingmaier filed his answer to the petition, the suit was dismissed as to him, judgment by default having been taken against the other defendants. It was insisted that by the default the allegations of the petition, and the amount alleged to be due on the settlement therein set forth, were admitted. The only breach assigned in the bond was the alleged nonpayment of a balance found on Kehr's settlement of Mueller's accounts; and as this settlement was held a nullity by the former decision of this court, it could not avail the plaintiff for any purpose. The case stood as though no breach whatever had been assigned, and the default could only entitle the plaintiff to nominal damages.

Judgment affirmed; the other judges concurring.