AUGUSTUS PULLIS, JR., Appellant, v. CHARLES KALB, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Mortgages:** UNLAWFUL DETAINER OF LAND: TERMINATION OF TENANCY BY RELEASE OF DEED OF TRUST. When a deed of trust creates the relation of landlord and tenant between the trustee to whom it is made and purchasers at foreclosure sale under it, on the one hand, and the maker and those claiming under him on the other, it may be shown in an action of unlawful detainer for the mortgaged premises, brought by such a purchaser against a grantee of the maker, that the deed of trust was released by the trustee and the beneficiary named in it prior to such foreclosure sale, this evidence being competent to show a termination of the tenancy.

2. ———: ———: INVALID RELEASE. But evidence of such release may be rebutted by proof that the beneficiary named in the deed of trust had transferred the notes secured by that deed prior to the execution of the release, since, under such circumstances, the release is of no effect.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* and *Geo. W. Lubke, Jr.*, for appellant.

*C. A. Schnake* for respondent.

ROMBAUER, P. J.—This is an action of unlawful detainer, brought by the vendee at a trustee's sale against a tenant who is in possession under the grantee of the person who executed the deed of trust or mort-

gage. The trial of the cause in the circuit court resulted in a judgment for the defendant. The plaintiff appeals, and assigns for error the exclusion of proper evidence offered by him and the admission of illegal evidence offered by his opponent.

The case was tried in the circuit court on appeal upon an agreed statement of facts, which was to the following effect: In August, 1890, one Hudson conveyed the premises in controversy to Hammett, as trustee for Florida, to secure certain notes payable to Florida. The mortgage or trust deed contained a clause whereby the mortgagor constituted himself the lessee of the trustee, covenanting to pay a nominal rent and to surrender the premises without demand or notice to the trustee, his successors or assigns, or to the purchaser at trustee's sale, within ten days after such sale. On the twelfth of June, 1891, Hammett, the trustee, and Florida, the beneficiary named in the deed of trust, joined in a deed of release to Hudson, releasing to Hudson the premises thus conveyed by him from any lien of said deed of trust or mortgage. This deed of release was duly recorded. The plaintiff objected to this deed as evidence, but the court overruled the objection and the plaintiff excepted. The plaintiff then offered evidence tending to show the following facts: When said deed of release was executed Florida had no title to such notes, the same being then held by the Mississippi Valley Trust Company who was indorsee of said notes for value, and who afterward transferred them to one Summerville for value. The notes remained unpaid at maturity, and one Lubke was appointed trustee by the circuit court in place of Hammett who refused to act. Lubke sold the premises in conformity with the provisions of the deed of trust, and the plaintiff Pullis became the purchaser. More than ten days after such trustee's sale the plaintiff

instituted the present action. To the evidence thus offered by the plaintiff the defendant objected, and the court excluded it and the plaintiff excepted.

There was no error in the court's admission of the deed of release in evidence. By the deed of trust Hudson became the tenant of the trustee, and the defendant was entitled to show that such tenancy had expired by release. *Sexton v. Hull*, 45 Mo. App. 339. But there was error in the court's exclusion of the evidence offered by the plaintiff, which had a tendency to show that, at the time when the deed of release was executed by Hammett and Florida, neither of them had any title to the property which they could convey either to Hudson or any one else. If they could not at that date release Hudson from his obligations as a tenant, the character of his holding and of those claiming under him was not changed, and the trustee subsequently appointed, or the purchaser at trustee's sale, could maintain an action of unlawful detainer against Hudson or those claiming under him. *Sexton v. Hull, supra.*

A mortgagee, or trustee in a deed of trust, has no legal title in the premises which he can convey to anyone as against the owner of the mortgage debt. Whatever may be the rule in other states, such has always been the holding in this state since the decision in *Thayer v. Campbell*, 9 Mo. 277. The distinction which prevails in some states between the legal and equitable title has never found recognition here. Such a conveyance carries nothing. In *Joerdens v. Schrimpf*, 77 Mo. 383, it was held that, where one becomes purchaser under a trustee's sale, he may maintain an action of ejectment although the trust deed had been fraudulently released of record by the beneficiary named in the deed after he had parted with his interest in the mortgage debt. That case flatly decides that the purchaser is not driven into a court of equity to cancel the

entry of satisfaction, but may show by parol evidence that the interest of the payee, and his power to enter satisfaction, had expired when he attempted to do so. The defendant's claim, therefore, is not tenable that the court properly ruled out the plaintiff's evidence, because it presented equities only of which a justice of the peace had no jurisdiction, and the circuit court could acquire none by appeal.

Both parties in this case seem to be laboring under a misapprehension as to the justice's jurisdiction in unlawful detainer cases. Section 5111 of the Revised Statutes of 1889 provides: "The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter." But section 5123 of the same chapter provides: "Evidence for proof of rights under derivative titles, provided for by this chapter, shall be admissible in actions instituted under this chapter." Section 5121 shows what such derivative titles are. As the relation of lessor and lessee existed between Hudson and the trustee in the mortgage, and as parties claiming under Hudson could claim no greater right than he had himself, it was competent on the one hand for the defendant to show that the relation of landlord and tenant was determined by the deed of release, and on the other hand for the plaintiff to show, in rebuttal, that the deed of release was void and had no such operation.

The judgment is reversed, and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.