J. P. NIXON, Respondent, v. F. W. KNOLLENBERG, Appellant.

**St. Louis Court of Appeals, February 4, 1902.**

1. **Vendor's Lien:** DEED OF TRUST: WAIVER OF LIEN. The taking of a deed of trust on land to secure the payment of the purchase price constitutes a waiver of vendor's lien.

2. ———: ———: ———: QUALIFICATIONS OF RULE. There is this qualification, however, of the rule: If the mortgage or deed of trust given to secure the purchase money of land expressly reserves a vendor's lien, the latter survives the taking of the documentary security.

3. ———: ———: ———. In the case at bar, the deed of trust given to secure the notes held by the plaintiff, instead of reserving a vendor's lien, expressly recited that it was given to secure the purchase price of the land and must be held to have been made in lieu of the equitable lien or to have supplanted it.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*J. J. Henderson* for appellant.

(1) The petition of respondent on its face excludes the possibility of his right to a vendor's lien on the land therein described. He, as assignee of the notes, could have no greater rights than the vendor of the land, Clara B. Hoagland. The petition on its face shows that she waived her vendor's lien by accepting a deed of trust on said land, in which there is no express agreement, that the lien should be retained. The latest decision of the Supreme Court of our State in a case in

which the Missouri authorities are reviewed and distinguished is, that a vendor's lien is waived by the taking of a deed of trust on the land conveyed as security for the purchase money unless there is an express agreement that it shall be retained. Winn v. Lippincott Investment Co., 125 Mo. 528; Briscoe v. Callahan, 77 Mo. 134; Orrick v. Durham, 79 Mo. 174; Rogers v. Tucker, 94 Mo. 346. The doctrine is that the lien is waived, there being no express reservation of it, in the sense that it is not available as a basis for relief, independent of the mortgage, for the mortgage is the higher security. (2) It was not necessary for Knollenberg to produce or deposit the amount of tender in court, nor was he required to show continued readiness to pay. Klein v. Keys, 17 Mo. 326; Wheeler v. Reily, 61 Mo. 565; Voss v. McGrine, 26 Mo. App. 452. Tender and refusal are equivalent to performance. Kemble v. Wallis, 10 Wendell's, N. Y. R. 374. (3) Tender of the money due upon a mortgage at any time before foreclosure, discharges the lien though made after the law day and not kept good. Where the tender does not discharge the debt but only defeats a particular remedy, it is unnecessary to show continued readiness to pay or to bring the money into court. Kortright v. Cady, 21 N. Y. App. Rep. 343; McClung v. Trust Co., 137 Mo. 106.

*J. P. Nixon* for respondent.

None of these questions can be considered, for the reason that no evidence is presented by the bill of exceptions, no motion for new trial or arrest are set out in the brief, and no exceptions taken or saved. It certainly needs no citation of authorities to show the law as to these indispensable prerequisites to a review of these questions. These are all matters that must be preserved and made a part of the record by the bill of exceptions. There is no mention in the appellant's brief of a bill of exceptions in this case, and there was none for the pur-

pose of this motion.  The abstract must show an entry of record ordering bill of exceptions filed in due time, and that it was in fact filed.  Herman v. Iden, 88 Mo. App. 314; Grocery Co. v. May, 80 Mo. App. 300; Bush v. Railroad, 82 Mo. App. 357; Mason v. Pennington, 53 Mo. App. 318.

### STATEMENT OF THE CASE.

On the eighth day of April, 1892, Augustus Creamer owned a tract of land in Laclede county, Missouri, consisting of forty acres.  On that day he made an ordinary warranty deed to Clara B. Hoagland, conveying said tract to her and took from her and her husband, S. G. Hoagland, a deed of trust on same, in which M. F. Kellerman was trustee, to secure three promissory notes, two for fifty dollars and one for one hundred dollars, two hundred dollars in all, falling due at intervals until January 1, 1894.  Said deed of trust contained these words:  "Given to secure the purchase price of said land."

On the seventh day of September, 1894, the Hoaglands conveyed the tract to M. M. Phillips, the conveyance containing this clause:  "This deed of trust is made, subject to a deed of trust of $200 which grantee assumes."  On the fourteenth day of September, 1894, said Phillips made a deed of trust to secure a note of sixty dollars to S. G. Hoagland, in which W. I. Wallace was trustee and which contained the following recital:  "This mortgage is given for a part of the purchase price of said land and is made subject to a former deed of trust of $200."

On the twenty-fourth day of October, 1898, the trustee in the deed last mentioned sold the land pursuant to its terms on account of a default in the payment of the debt secured, and John J. Henderson became the purchaser and received a deed thereto from the trustee, Wallace.  Said Henderson conveyed the land to Frederick W. Knollenberg, one of the de-

fendants herein, by a warranty deed in which is the following provision: . "The party of the second part in accepting this deed agrees to assume the payment of a mortgage to the amount of $200 in favor of J. P. Nixon and one year's interest on the same."

Said Knollenberg and wife conveyed the premises to John A. Heller, of Quincy, Illinois, on the nineteenth day of January, 1900, by a deed which contained no recital in regard to the aforesaid mortgage or deed of trust for two hundred dollars. On the twentieth day of February, 1900, said Heller and wife conveyed the premises to the defendant, Emma Laughtin, by a deed which likewise contained no such recital.

The plaintiff, J. P. Nixon, bought the notes secured by the first deed of trust from Creamer shortly after they were executed. He received various payments on them at different times, including one payment of one hundred dollars from Harvey Bowman, to whom the aforesaid Phillips conveyed said land, on the twenty-seventh day of February, 1897, or more than two years after Phillips had made the second deed of trust to Wallace under which the land was subsequently sold and bought by Wallace; so that Bowman's title was cut out by that sale.

The evidence shows that Knollenberg made several efforts to pay off the notes held by the plaintiff and obtain satisfaction of the deed of trust which secured them, but was prevented from doing so by Nixon refusing to state how much was due on them, demanding that he be paid certain sums which Phillips and Bowman had paid him on the notes, on the ground that as they lost the land they ought to be reimbursed, and by refusing to take the amount of the notes when it was tendered to him. Knollenberg by his attorneys, Henderson and Kellerman, tendered Nixon two hundred and eighty-six dollars, which was five dollars more than was owing on the notes as they claimed, even conceding Nixon's right to collect the one hundred dollars which Bowman had theretofore paid

on them.    Nixon asserted his right to collect that money and also thirty-five dollars which Phillips had paid him, and it seems Knollenberg was willing to pay the one hundred dollars advanced by Bowman but was not willing to pay the thirty-five dollars claimed in behalf of Phillips.    Nixon finally demanded three hundred and fifteen dollars, which included said thirty-five dollars.    Knollenberg tendered, as stated, two hundred and eighty-six dollars, being the amount of the notes plus the one hundred dollar payment made by Bowman and five dollars to cover the cost of advertising the sale under the deed of trust, notice of sale having already been published but in the name of a wrong person as trustee.    Nixon did not accept the tender and said to Kellerman that he would neither accept nor refuse it.    The money was laid on his table within a few inches of his hand.    He told Kellerman, as the latter testified, that he wanted to get the land for the "young man," whom we understand to mean Bowman, and said that he (Nixon) was acting as an attorney in the matter.

Subsequently Knollenberg brought a suit to cancel and set aside the deed of trust on the ground that the amount due on the notes had been tendered and refused, which is now pending in the Supreme Court, or was when the present appeal was taken.    After that suit was brought it seems Nixon indicated a willingness to take the amount tendered if Knollenberg would pay the accrued costs of the litigation, or suggested to Kellerman that he might take it if it was again offered, but without saying positively he would.    The amount of the tender was not deposited in court in that suit by Knollenberg.

On the second day of December, 1900, the petition was filed in this action, in which Nixon sues F. W. Knollenberg and Emma Laughtin, asking a judgment for the amount of the notes against Knollenberg on the recital contained in the deed made to him by Henderson that he assumed the payment thereof, and asking further that such judgment be declared a vendor's lien on the land to secure said notes, that the lien

be foreclosed, the sum realized applied on the notes and mortgage, "that said sale be subject to plaintiff's interest in said land under said deed of trust, that plaintiff recover his costs and for further equitable relief."

Knollenberg was a non-resident of the State when the action was brought but subsequently filed an answer therein. The judgment of the trial court was in accordance with the prayer of the petition and was against Knollenberg personally for the sum of two hundred and forty-nine dollars and ninety-two cents, together with a decree that plaintiff have a vendor's lien on the land, the lien be foreclosed and the land sold to pay the amount of the judgment.

Defendants appealed.

GOODE, J.—There was no vendor's lien on the land to secure the notes held by the respondent, as it was waived by taking the deed of trust. That is the doctrine which has been several times declared and is still law, as we think, in this State as it is elsewhere. Emison v. Whittlesey, 55 Mo. 254; Briscoe v. Callahan, 55 Mo. 134; Orrick v. Durham, 79 Mo. 174. There is this qualification of the rule; if the mortgage or deed of trust given to secure the purchase money of land expressly reserves a vendor's lien, the latter survives the taking of the documentary security. Certain cases appeared to shake the rule for a while; but those cases were commented on in a still later decision of the Supreme Court and a distinction attempted which was thought to show they were in harmony with the current of authority. At all events the commonly received doctrine as enunciated in the cases above cited was reaffirmed as the law. Winn v. Lippincott Investment Co., 125 Mo. 528. The deed of trust given to secure the notes held by the plaintiff, instead of reserving a vendor's lien, expressly recited that it was given to secure the purchase price of the land and must be held to have been made in lieu of the equitable lien or to have supplanted it. Nevertheless, plaintiff

does not seek to enforce that security; but falls back on the original lien for the purchase money.

In Rodgers v. Tucker, 94 Mo. 346, one of the cases supposed to modify the general rule in regard to the lien being lost by taking a mortgage, it was said:

"The lien is doubtless waived, there being no reservation of it, in the sense that it is not available as a basis for relief independent of the mortgage, for the mortgage is the higher security."

The theory of that opinion seems to be that the lien is merged in the mortgage; but it lends no support to the notion that the holder of a debt owing for the purchase price of land and secured by a mortgage on the land, which reserves no vendor's lien, may wholly ignore the mortgage and enforce such lien as being a security which the law has preserved for his benefit in full life and vigor, notwithstanding the fact that he protected himself by an instrument which directly charged the land with a lien to secure the debt.

The former suit brought by Knollenberg to cancel the mortgage ought not to abate the present one because it is on a different cause of action. From what we are able to gather from the rather meager contents of the record concerning that suit, it is one to have the deed of trust cancelled and set aside and not to have the notes secured thereby discharged or to compel Nixon to accept payment of them. No offer was made to pay the notes when the case was tried, nor was there a tender of the amount due in court.

Respondent is entitled to a personal judgment against Knollenberg on the notes, so far as we can see, by virtue of the assumption of the debt which the law imputes to Knollenberg on account of the stipulation to that effect contained in the deed made to him by Henderson. It is true the recital is that he agreed to assume the payment of the mortgage in favor of the respondent, but the only rational interpretation of that

covenant is that he agreed to pay the debt secured by the mortgage.

The petition is good as a declaration on the stipulation to pay the notes, but appellant Knollenberg is entitled to a jury trial on the issues tendered by it.

No case whatever was made against Emma Laughtin.

The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.*, and *Barclay, J.*, concur.