A. D. FITZGERALD *v.* JAMES B. SMITH.

(*Nashville.* December Term, 1903.)

1. **ADMINISTRATION.** Statutory preference in appointment of administrator is mandatory, when; but not when.

The statute prescribing to whom administration shall be granted is mandatory in the preference prescribed where the applicants in the different classes are equally fit and suitable; but the personal fitness of the applicants may be considered by the court, and may be of sufficient importance to justify the court in appointing one in a class more remotely preferred, for instance, the largest creditor when more fit and suitable may be appointed instead of the next of kin. (*Post, pp.* 177-184, and especially 182-183.)

Code cited and construed: Sec. 3939 (S.); sec. 3047 (M. & V.); sec. 2206a (T. & S.).

2. **SAME.** Trial of contest over appointment is to be on the merits and de novo on appeal to circuit court.

In a suit to set aside the appointment of an administrator involving a contest between the plaintiff and the defendant over the right to administer, on appeal from the county court to the circuit court, the cause stands for hearing there upon its merits and *de novo*. (*Post, pp.* 177-184, and especially 184).

3. **SAME.** Same. Prevention of trial on merits by erroneous holding of trial judge on question of law is cause for new trial.

Where the trial judge holds the statutory preference in the appointment for administrators to be absolutely mandatory, and yielding to this holding, counsel failed to introduce any evidence, it can not avail that both court and counsel agreed or submitted to this proceeding, but a new trial will be granted. (*Post, pp.* 177-184, and especially 184).

Fitzgerald v. Smith.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. JOHN W. CHILDRESS, Judge.

NORMAN FARRELL and JORDAN STOKES, for Fitzgerald.

W. H. WASHINGTON, for Smith.

MR JUSTICE WILKES delivered the opinion of the Court.

This is a contest between the next of kin and the largest creditor in regard to the right to administer upon the estate of John Smith, Jr., who died in Davidson county on the nineteenth of February, 1903, intestate, never having been married, and leaving no next of kin in Tennessee. On the next day, the twentieth of February, 1903, Fitzgerald, as the largest creditor of the deceased, was appointed his administrator by the county court of Davidson county. Five days later James B. Smith, claiming to be next of kin of the deceased, filed his petition in the county court for the purpose of having the letters previously issued to Fitzgerald revoked, and himself appointed as such administrator. It was

alleged that the petitioner was the brother and the only next of kin of the deceased, that he resided in Buffalo, N. Y., that Fitzgerald had procured himself appointed administrator for the purpose of circumventing petitioner as the next of kin, that the deceased left a large amount of personal property and large interests in certain railroad construction contracts, that Fitzgerald had refused to deliver to petitioner the effects of his deceased brother, and that the bond given by the said Fitzgerald was insufficient. The prayer of petition was for the removal of Fitzgerald and the appointment of petitioner as administrator, or, if this could not be done, that the Nashville Trust Company be appointed.

Within three days after the filing of the petition the defendant, Fitzgerald, filed his answer thereto. A full history of the life and the business connections of the deceased was given from the time of his arrival in Nashville, some years previously, up to the date of his death. The conditions of affairs that existed at his death, and respondent's relation thereto, were set forth in detail. Many personal disqualifications were alleged against the petitioner as administrator, and many reasons given why the respondent should be retained in the office. It was said that the petitioner was a nonresident of the State; that he was possessed of little property, and, if not actually insolvent, was so near thereto as not to be a proper person to administer on the estate; that he had been in Nashville previously under assumed names, and aroused grave suspicions among the creditors. It is al-

leged that the only assets left by him was his interest in the railroad construction firm of Smith & Brady, then engaged in work on the Tennessee Central Road; that the assets of this firm were furnished by Brady, and that Smith had put nothing into it, but had drawn out considerable sums for his personal expenses; that there were certain unfinished contracts, which, if not completed, would result in the forfeiture of large retained percentages; and that the firm was involved in considerable litigation. It is further averred that the firm had no working capital, and that they were being furnished money and supplies by Fitzgerald & Litchford; that John Smith, at the time he died, was owing that firm about $4,000, and was indebted to Fitzgerald individually about $375; that, if everything did not result successfully to the administration, decedent's estate would be insolvent; that all the creditors, as well as Brady, surviving partner, desired respondent to be retained as administrator, and that deceased a short time before his death had requested the respondent to act as such; that the best interests of the estate required his retention; and that, if the petitioner was disqualified or unsuited, then he had no right to dictate the appointment of a substitute.

Upon the issues presented the county judge made the following order: "Upon the petition and answer thereto, proof and argument of counsel, the court is of opinion that the rights and the equities are with the defendant, and that the petition should be and is dismissed."

Petitioner appealed to the circuit court, and pending the appeal he applied to the county court for the appointment of an administrator *pendente lite,* which was denied.

The cause was heard before the judge in the court below, when the following occurred, as appears from the bill of exceptions: "This case was called for trial on May 23, 1903, and the witnesses on both sides were called to the clerk's desk and sworn, and directed to retire to the anteroom. Thereupon counsel for the petitioner began the reading of the petition filed in the cause, when he was interrupted by the court, and asked to state the pleadings and the issues presented thereby, which was accordingly done by counsel for both sides, and during the presentation counsel for petitioner criticised the appointment of Mr. Fitzgerald as administrator, when the court remarked that that was unnecessary, and that, if the court was of the opinion that any discretion was allowed the county judge under the statute for the appointment, he would not disturb that discretion, as he was convinced not only of the wisdom of the county judge, but as to the character of the man appointed, but that it appeared to him that the question was one of law —that is, under the statute, could any other be appointed administrator, except the next of kin, where such person applied therefor? To this suggestion of the court counsel on both sides assented, and thereupon it was admitted that James B. Smith was the brother and only next of kin of the deceased, that he was a nonresident of

the State of Tennessee, and that he was demanding his own appointment as the administrator of his deceased brother. The court was of the opinion that the statute was mandatory in its provisions, and that the county court should have granted the petition of James B. Smith to appoint him such administrator, and should have revoked the appointment of Fitzgerald, and a decree was accordingly entered upon the minutes of the court."

Respondent Fitzgerald moved the court for a new trial, and to vacate the judgment which had been entered.

The grounds of the motion were: The error of the court in holding the statute mandatory in its character and giving preference to the next of kin, and in holding that this included also nonresidents. Second, that the defendant was prevented from making his proper defense by the ruling of the court at the beginning of the case that he would not disturb the discretion of the county court on the facts, provided any discretion existed; and later on announcing his decision that the county judge might have discretion in certain cases, but that there must be affirmative proof to sustain it. This inconsistent rule of the court prevented the introduction of proof which defendant would otherwise have offered. Third, that the judgment entered on May 25, 1903, should be vacated and annulled, because it recites that the cause was heard upon the pleadings, proof, argument, and admissions of counsel, whereas no proof was

introduced, and there was no agreement of counsel, except that the petitioner was the brother of the deceased, John Smith.

This motion for a new trial and to vacate the former order was heard by the court on June 15, 1903, and disposed of in the following entry:

"On May 23, 1903, the same being a former day of the term of court, an order was entered determining the questions involved in this suit, and remanding the case to the county court for an execution of the decree therein. ,

"Said entry is hereby amended so as to show the fact that upon the trial of said cause his honor was of the opinion, and so held, that the statute being determined was mandatory, and that James B. Smith, being the next of kin, was entitled as a matter of law to qualify as the administrator of John Smith. And from the ruling and opinion the defendant excepted," etc.

It is assigned as error that the circuit court held the statute to be mandatory as to the preference to be followed in the appointment of an administrator, and that he also erred in refusing to grant the motion for a new trial.

The statute upon which the court based this construction is section 3939 of Shannon's Compilation, which provides as follows: "When any person shall die intestate in this State, administration shall be granted to the widow of such person, if she make application for the same. For the want of such application on the part

of the widow, the administration shall be granted to the next of kin, if such next of kin apply therefor. If neither the widow nor the next of kin make application for administration, then the same shall be granted to the largest creditor, proving his debt on oath before the county court or county judge."

We are of opinion that the practice and proceeding of the trial judge in this case was erroneous, and prevented a hearing of the matter on its merits. The statute prescribing who may administer is mandatory in a certain sense of that term; that is, as between parties who are fit and suitable for the office, the preference given by the statute should be maintained, and not departed from by the county court. But if the next of kin should be an infant, an idiot, an ex-convict, such person would not be entitled, and should not be appointed. So illiteracy or poverty, old age or physical infirmity, immorality or criminality, are not legal disabilities, but such things go to the personal fitness of the applicant, and will be considered by the court in selecting between persons of the same degree of kindred to the deceased, and may be of sufficient importance to justify the court in appointing one more remotely related, and having less claim to the office.

The error committed by the court was in attempting to decide the questions involved upon a mere construction of the statute without considering the personal qualifications of the petitioner.

If nothing should appear against the right of the peti-

Fitzgerald v. Smith.

tioner to disqualify him or make it improper or unwise to appoint him, he would be entitled, as next of kin, to the appointment; but the facts may show that he is totally incapacitated and disqualified from holding the office and executing the trust, and upon this point the trial judge should have heard evidence.

The cause was for hearing before the trial judge upon its merits and *de novo,* so that, no matter what may have been the opinion and finding of the county judge, the circuit judge should have heard the facts, and should have for himself determined whether the petitioner was disqualified from holding the office and executing the trust or not.

The proof that had been taken in the county court was not a part of the record in the circuit court, and could not be looked to to determine the disqualification of the petitioner. The record, as presented to the circuit judge, showed the petitioner to be the next of kin, and therefore entitled to administer, unless his unfitness should be made to appear. The judgment of the county court, being appealed from, was set aside, and of no probative or presumptive effect. The case as presented to the trial judge was therefore a moot court case on the literal construction of the statute, and the facts necessary to determine the merits were not properly before the court, and it cannot avail that both court and counsel agreed or submitted to this proceeding. The judgment of the court below is reversed at cost of appellee, and the cause is remanded for further proceedings.