IN RE ESTATE OF FLICK, Deceased, Appellant, v. SCHENK et al., Respondents.

St. Louis Court of Appeals, March 9, 1909.

1. ADMINISTRATION: Appeals: Probate Courts: Order Appointing Administrator. An appeal does not lie from an order of a probate court appointing an administrator of an estate. [Following Grover v. Fowler, 108 Mo. 465.]

On Motion for Rehearing.

2. ————: ————: ————: ————. An appeal from a ruling of a probate court appointing an administrator does not lie, although the order includes a refusal to appoint another person as administrator.

Appeal from Scotland Circuit Court.—*Hon. Edwin R. McKee,* Judge.

CERTIFIED TO SUPREME COURT.

*Joseph Block* for appellant.

*Geo. H. Shields, S. J. Walton* and *Felix O. Poston* for respondent.

In re Flick Estate.

GOODE, J.—The contest in this case is over the appointment of an administrator of the estate of Sylvanus Flick, deceased. Henry P. Flick, his son, applied for the appointment, but other heirs of the estate, his brothers and sisters, resisted his application. After hearing the evidence the probate court found he was not a suitable person to be administrator, principally because he was administrator already of the estate of his deceased mother, and there would be a conflict of duties if he had charge of both estates, as there was some controversy over property rights between the two. The probate court likewise found there was no person among the heirs and distributees suitable to be administrator of Sylvanus Flick's estate, and, therefore, appointed J. A. Schenk, public administrator of Scotland county. The son, H. P. Flick, carried the contest by appeal to the circuit court, which on a hearing anew, confirmed the action of the probate court in all respects and from the judgment of the circuit court the case was appealed to this court.

We appreciate the care with which this matter has been prepared for our attention by the counsel for the respective parties and regret that we cannot examine the interesting questions that are raised; but in State ex rel. Grover v. Fowler, 108 Mo. 465, the Supreme Court decided that no appeal lies from an order of the probate court appointing an administrator of an estate. The opinion in that case points out the method of procedure to be followed in order to enforce the priority of right allowed by the statutes to relations, heirs and distributees in the matter of administering estates. In view of that decision we must hold the circuit court had no jurisdiction of the appeal from the probate court and, consequently, this court has no jurisdiction of the present appeal. It is, therefore dismissed. All concur.

## ON MOTION FOR REHEARING.

In a motion for rehearing the appellant insists the Fowler case is not in point because it merely decided that an appeal will not lie from an order appointing an administrator and the present appeal was not taken from an order appointing Schenk, but from an order refusing to appoint Flick. This distinction strikes us as being too tenuous for practical purposes. In truth the present case is exactly like the Fowler case in its essential facts. In the Fowler case two persons, Mrs. Grover and Geo. J. Cockrell, had applied for administration on the estate of the deceased. Mrs. Grover also filed objections to Cockrell's appointment. The probate court heard both applications and the objections at the same time, overruled the objections, refused Mrs. Grover's application and appointed Cockrell. Mrs. Grover took an appeal and sued for a writ of prohibition to prevent Cockrell from acting, and the probate court from recognizing him, as administrator pending the appeal. The prohibition was denied by the Supreme Court on the sole ground that Mrs. Grover's appeal did not lie. She appealed from an order just like we have here; namely, from one appointing an administrator of the estate and refusing to appoint her. Flick appealed from an order appointing Schenk and refusing to appoint him. Both matters were disposed of by the probate court in the same order. Moreover, the Supreme Court in the Fowler case showed why an appeal would not lie and what the proper remedy was. Suppose an appeal was allowed from a refusal to appoint one person administrator, another having been appointed at the same time. If on the appeal the probate court's ruling was reversed and a decision given that the appealing party should have been appointed, this would be, in effect, an adjudication against the right of the appointee without his having been heard—that is, the decision would be that the appealing party was entitled

In re Flick Estate.

to the appointment instead of the one actually appointed.    If the probate court should afterwards revoke the original appointment, by the express words of the statutes the appointee could appeal from that order.    Meanwhile the estate would be thrown into confusion.    What was decided in the Fowler case was that an appeal would not lie from an order appointing one person administrator and refusing to appoint another; and that is just the order we have here.

We are cited to the decision of this court in State v. Collier, 62 Mo. App. 30, and the decision of the Kansas City Court of Appeals in Birge v. Birge, 94 Mo. App. 15, as holding that an appeal does lie from an order of the probate court refusing letters of administration to a party entitled to them.    We think both those decisions are in direct conflict with the Fowler case, decided by the Supreme Court and will follow the latter case.    We are unable to draw a valid distinction between the Fowler case and the present one and, therefore, adhere to our ruling dismissing the appeal.

Because the judges of this court deem this decision in conflict with the decision of the Kansas City Court of Appeals above cited, and this cause is certified to the Supreme Court for final determination.    It is so ordered.    All concur.