STATE ex rel. HENRY P. FLICK, Respondent, v. WM. T. REDDISH, etc., et al., Appellants.

Louis Court of Appeals, May 31, 1910.

1. MANDAMUS: Controlling Courts: Probate Court. Mandamus lies only to control courts in the performance of ministerial acts, and does not lie to compel a probate court to set aside an order rendered while acting judicially.

2. EXECUTORS AND ADMINISTRATORS: Refusal to Appoint: Not Appealable Order: Mandamus Proper Remedy. An order refusing to appoint a person administrator of an estate is not appealable, but the remedy is by mandamus to compel the court to issue letters of administration to him.

3. ——: Who Entitled to be Appointed: Discretion of Probate Court. The general rule that sections 7, 9, Revised Statutes 1899, prescribing the order in which persons have the right to administer estates, must be observed in granting letters of administration is not so rigid as to preclude the probate court from passing over a person entitled to letters in the statutory order of precedence, where the one passed over is unfit to administer the estate and where to appoint him would subject the assets of the estate to unusual hazard.

4. ——: Revoking Letters: Judicial Act. Passing on a complaint filed in the probate court to revoke letters testamentary or of administration is a judicial act.

5. ——: Appointment of Administrator: Judicial Act: Probate Court May Exercise Discretion. Section 42, Revised Statutes 1899, authorizing the probate court to revoke letters testamentary, is *in pari materia* with sections regulating the appointment of administrators, and the several sections should be construed together, and thus construed the probate court, when acting under them, acts judicially and may exercise its discretion in the matter of appointing an administrator; and hence it may decline to appoint a son of an intestate as administrator, where the interests of the estate conflict with the interests of the estate of the son's mother, of which he is administrator.

State ex rel. v. Reddish.

6. **MANDAMUS: Executors and Administrators: Refusal to Appoint: Judicial Act.** The finding of a probate court, supported by evidence, that there was a conflict of interests between an estate of which the applicant was already administrator and the estate on which he sought to obtain letters, was judicial in its character, and the refusal of the court to grant letters to such applicant for that reason cannot be altered by mandamus.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED.

*Smoot & Smoot* for appellants.

(1) The court may pass over a person whose relation to the decedent would otherwise entitle him to preference because of his unsuitableness for the trust. Cholers Succession, 39 La. Am. 308, 1 So. 820; Stearns v. Fiske, 18 Pick., p. 24; Fitzgerald v. Smith, 78 S. W. 1050. Unsuitableness may consist in adverse interest of some kind, or hostility to those immediately interested in the estate whether as creditors or distributees or of an interest adverse to the estate itself. 18 Cyc., p. 94, and authorities cited. (2) Where the interests of two estates are antagonistic same person should not administer both. State to use of Miller v. Bidlingmaier, 26 Mo. 283. See also State ex rel. Muller v. Rheinhardt, 31 Mo. 95; Clark v. Crowswhite, 28 Mo. App. 34.

*O. D. Jones* for respondent.

(1) It is admitted relator made application to administer, he did not relinquish, he was a competent citizen; he was denied his right to administer and a stranger appointed; he attempted to appeal and was denied a trial of his appeal. Flick v. Schenk, 212 Mo. 275; State ex rel. v. Collier, 92 Mo. App. 38; State ex rel. v. Fowler, 108 Mo. 465. (2) In fact it is admitted the same persons are heirs of each estate there really is no conflict

of interest. All the settlement he could or would make, under the supervision of the court- would be, between the two estates to determine how much money would be in each estate for distribution. There was no claim here of one estate to be presented against the other as in State v. Bidlingmaier, 26 Mo. 483, and in State v. Reinhardt, 31 Mo. 95. (3) The probate court had no discretion in the matter and could not exercise any judicial discretion to involve anything from which an appeal would lie. State ex rel. v. Guinotte, 113 Mo. App. 399.

·GOODE, J.—Mandamus proceeding from the circuit court of Scotland county against William F. Reddish, judge of the probate court of said county, and J. A. Schenk, public administrator of the county, in charge of the estate of Sylvanus Flick, deceased. The prayer of the petition and of the alternative writ, is that a peremptory writ issue to Judge Reddish, commanding him to revoke an order of the probate court entered September 21, 1903, directing the public administrator to take charge of the estate of said Flick, to remove Schenk as administrator of the estate and to appoint relator, Henry P. Flick, administrator *de bonis non*. Sylvanus Flick died in 1902, leaving a personal estate of around $12,000, of which eight children and, as we understand, some grandchildren, were heirs. Sarah D. Flick was appointed administratrix, took charge of the estate and entered on its administration, but died a year later without having made final settlement. Relator Henry P. Flick was thereupon appointed administrator of his mother's estate and also guardian and curator of minor children of a deceased sister. He subsequently applied to be appointed administrator *de bonis non* of his father's estate, but met with the opposition of three of his sisters, who were heirs. Evidence was taken on the application by the probate court and findings made that relator had borrowed money from the estate of his deceased father without an order of the court authorizing

the loan; that there was a conflict of interest between the estates of relator's father and mother, and also a conflict of interest between relator Henry P. Flick and the estate of Sylvanus Flick; that considering the condition and amount of the estate of said Sylvanus Flick, relator was not a proper person to act as administrator thereof, but was wholly incompetent for the purpose; wherefore the probate court denied the application of relator to be appointed administrator *de bonis non* of his father's estate. The judgment on the application next recited there was no relative of Sylvanus Flick, deceased, or distributee of his estate, competent to administer the estate, and as it appeared money, property and papers belonging to it were left in a situation exposed to loss and damage, and the estate was liable to be injured and wasted, J A. Schenk, public administrator, was ordered to take it in charge and complete the administration. That order was entered September 21, 1903, and during the September term of the probate court. An appeal was taken from it to the circuit court of Scotland county, where the same result was reached. From thence an appeal was taken to this court; but we dismissed the appeal because the original appeal from the probate court to the circuit court would not lie, hence the latter court had acquired no jurisdiction of the proceeding, and this court could acquire none of the appeal from the circuit court. [In re Flick's Estate, 136 Mo. App. 164.] We certified the case to the Supreme Court, deeming our decision in conflict with the decision of the Kansas City Court of Appeals in Burge v. Burge, 94 Mo. App. 15. The Supreme Court decided the case as we had, dismissing the appeal on the ground the original appeal taken from the judgment of the probate court refusing to appoint relator administrator, would not lie, and holding mandamus was the remedy for refusal to appoint a person administrator of an estate who was entitled by statute to be appointed. Thereafter the present proceeding was instituted, and in the peti-

tion the facts were stated much as we have stated them, except the charge is made that the orders of the probate court in appointing relator administrator of his mother's estate, refusing to appoint him administrator *de bonis non* of his father's estate, and appointing the public administrator, were corrupt; a charge, we will say in passing, of which there is no proof in the record. The present petition says most of the heirs of Sylvanus Flick, deceased, requested the appointment of the relator, but two or three protested against the appointment. Various other statements and charges are made in the petition for the writ of mandamus which are immaterial and will not be recited. The substance of the return to the writ consists of a recital *in haec verba* of the order of the probate court refusing to appoint relator and appointing Schenk; averments, that, after Schenk had been appointed, he took charge of the estate, and is administering it; that relator is wholly incapable of managing the estate because he is not capable of understanding the nature of the business and does not have mind or memory sufficient to be administrator; that he is in debt to the estate; that Sylvanus Flick had paid large security debts for him at different times which the heirs desire to collect from relator; that relator had been appointed administrator and had taken charge of his mother's estate, and, as such administrator, had undertaken to claim the whole estate of Sylvanus Flick as belonging to her and still claims the money and property, which had been in her hands as administratrix of the estate of Sylvanus Flick, belonged to her in person; that relator had borrowed money of the estate of Sylvanus Flick while his mother was administratrix, had never returned it and was attempting to conceal it; that there are conflicting interests between the estates of his father and mother; that controversies will have to be settled and adjudicated between the two estates; further, the determination of the probate court, when relator's application for letters was refused, was an ad-

judication of his right to administer. The reply to the return denied the probate court had jurisdiction of the parties and of the heirs of Sylvanus Flick's estate so it might determine the competency of relator to take charge as administrator of said estate, at the time it denied his application; avers said court had no authority to pass on relator's competency, unless it was to find he was insane or of unsound mind; denied there was a conflict of interest between the estates of Sylvanus Flick and Sarah D. Flick, because the heirs of each estate were and now are the same persons, and their interests are the same, and both estates should have been settled together; alleged when it appeared relator was of legal age, a resident of the State of Missouri, and of sound mind, it became the absolute duty of the probate court to appoint him administrator of his father's estate and said court had no discretion in the matter; that those facts regarding relator were conceded and, therefore, he was entitled to be appointed. At the hearing of this proceeding in the circuit court, considerable evidence was introduced, which, as far as pertinent to the appeal, we may epitomize as follows: It was in proof relator borrowed $750 from his mother as administratrix while she was in charge of his father's estate, giving no security except his own note; this loan was not authorized by the probate court. It was in testimony, too, that Sylvanus Flick had paid a security debt for relator; that relator had declared on divers occasions two of his sisters, naming them, should never have a cent from his father's estate, and he would spend every cent he could raise to prevent them from receiving a portion of said estate; that he had been appointed and was in charge of his mother's estate, administering the same, had been appointed guardian and curator of several nephews and nieces; that his mother died without making final settlement as administratrix of her husband's estate. The circuit court made the alternative writ of mandamus peremptory, commanded defendant Reddish

to make and immediately enter an order removing J.
A. Schenk as administrator of the estate of Sylvanus
Flick and to appoint Henry P. Flick administrator of
said estate; further, commanded defendant Schenk
within ten days to make out a complete settlement of
his accounts as administrator of the estate, file it in the
probate court and turn over to relator all money, notes,
books, accounts, credits and papers belonging or apper-
taining to said estate in his hands as administrator.
From said judgment an appeal was taken to this court.

The question for decision is whether or not the
probate court acted judicially in passing on the applica-
tion of relator to be appointed administrator; for, if it
did, it cannot be compelled by mandamus to set aside its
order and enter one of the opposite effect. Such a func-
tion does not belong to the writ of mandamus, which
only controls courts in the performance of ministerial
acts. [State ex rel. v. Allen, 92 Mo. App. 20.]  This
question is rendered embarrassing by the condition of
the law in this State, particularly by the fact that no
appeal lies from the refusal of the probate court to
grant letters of administration to an applicant; whereas
in many states, the right of appeal is accorded to the
applicant. [In re Banquier, 88 Cal. 478; In re Est.
Patcheco, 23 Cal. 470; Lawrence v. Englesby, 24 Vt. 42;
Bowersox's Appeal, 100 Pa. St. 434; Stevenson v.
Fiske, 18 Pick. 24; Fitzgerald v. Smith, 112 Tenn. 176,
78 S. W. 1050.]  Because of the omission of the Legis-
lature to provide for an appeal from such an order, the
courts of this State have been compelled to hold no ap-
peal will lie. [State ex rel. v. Fowler, 108 Mo. 465, 18 S.
W. 968; In re Estate of Flick, 212 Mo. 275, 100 S. W.
1074, s. c. 136 Mo. App. 164, 117 S. W. 93.]  In those
cases, and others where the question arose, it was de-
clared the remedy of a person entitled by virtue of the
statutes to letters of administration was the writ of

mandamus issued to the probate court and commanding it to issue letters to him; and in the same cases it was said the probate court had no discretion about following the statutory provisions regulating priorities of right to administer. [Cases supra; State ex rel. v. Guinotte, 113 Mo. App. 399, 86 S. W. 884.] This statement of the law by the appellate tribunals of the state, is invoked by relator in the present proceeding as authority for the proposition that the probate court was bound to grant letters to him on the estate of his father—its duty in this regard being ministerial and in passing on his application it performed no judicial act; therefore was subject to control to make it accord him his statutory right to letters. Especially is the case of State ex rel. v. Guinotte relied on for this doctrine. It is not our opinion that the Supreme Court and the Courts of Appeals, when they have said mandamus was the appropriate remedy to compel the grant of letters to a party entitled under the statute, and the probate court had no discretion about granting the letters to a person so entitled, meant that under no circumstances would said court have discretion in the matter, but would act always ministerially instead of judicially. The choice of an administrator of an estate may become a judicial duty of grave importance, because the preservation of the estate and its transmission to the heirs and distributees without loss or undue delay, will depend largely on who is chosen. Nevertheless it is the policy of our statutes, and has been the policy of the law for ages, to entrust the administration of estates to persons who ultimately will take as distributees and, therefore, presumably will feel every incentive to administer economically and carefully. In carrying out this policy, legislation in this State, and in many other states, has disqualified certain individuals from administering; such as judges, clerks of probate, persons under the age of twenty-one years, those of unsound mind, married women, and non-residents. [R. S. 1899,

sec. 6 *et seq.*] The order in which persons have the right to administer is prescribed by providing letters shall be granted, first to the husband or wife of the deceased; second, to those who are entitled to distribution of the estate, or one or more of them, as the court, in its discretion, deems will promote best the preservation of it. [R. S. 1899, sec. 7.] If the enumerated persons fail to apply in a given time for letters, or are non-residents, the probate court is empowered to grant letters to some other person who is deemed suitable. [R. S. 1899, sec. 9.] As stated, it has been decided the statutory regulations must be observed in granting letters, and this is general law. [11 Ency. Law (2 Ed.), 767; 18 Cyc. 83; Schuler, Exrs. and Admrs. (3 Ed.), ch. 3.] The rule is not so rigid as to preclude a court from passing over a person who would be entitled to letters in the statutory order of precedence, in order to grant letters to some one else, if the former is unfit to administer the estate and to appoint him would subject the assets to unusual hazards. [11 Ency. Law, 767, 18 Cyc. 84; Spencer's Estate, 7 Pa. Dist. Rep. 216; Stevenson v. Fiske, supra; Fitzgerald v. Smith, 112 Tenn. 176; Lawrence v. Englesby, 24 Vt. 42; Swarts Est. 189 Pa. St. 71.] That it may be a judicial question whether the one prima facie entitled shall be appointed, is a proposition deducible from our administration statutes. These say if an executor becomes of unsound mind, or is convicted of a felony or other crime, or becomes an habitual drunkard, or in anywise incapable or unsuitable to execute the trust reposed in him, etc., the probate court, on complaint in writing made by any person interested and supported by affidavit, shall hear the conplaint, and if it finds just cause, shall revoke the letters granted. [R. S. 1899, sec. 42.] Plainly, passing on a complaint filed to revoke letters is a judicial act. [Stevens v. Larwill, 110 Mo. App. 140, 84 S. W. 113.] The statute just cited is *in pari materia* with sections regulating the appointment of administrators, and the several sections should be construed to-

gether. Thus construed it looks improbable that the
Legislature meant to say the court should act judicially
in regard to revoking the letters when it believed the
person to whom they had been issued had become unfit
for the office, but to deny the court any discretion in
appointing an applicant if it appeared he was unfit for
the position. Moreover, it has been determined by the
Supreme Court that, where the interests of two estates
conflict, the same person cannot act as administrator of
both. [State to use v. Bidlingmaier, 26 Mo. 483, Id.,
31 Mo. 95; Clark v. Crosswhite, 28 Mo. App. 34.] That
being true, it would be improper in such a contingency
to appoint one person administrator for both estates;
and in determining whether the interests of the two
estates conflict, the court would act judicially. That is
the exact situation presented. Relator had been ap-
pointed administrator of his mother's estate, had ac-
cepted the appointment and entered on the discharge of
his duties as administrator. The court below assigned
as one reason for declining to appoint him administrator
of his father's estate, that the interests of the two estates
conflicted. As there is evidence tending to prove they
did, this case falls within the decisions of the Supreme
Court, supra, and the finding of the court below being
judicial in its character, cannot be altered by man-
damus. In State ex rel. v. Guinotte and State ex rel. v.
Reynolds, 121 Mo. App. 699, 97 S. W. 650, so much relied
on by relator, the court strove in its opinions to show no
objection had been made to the appointment of the re-
spective relators as administrator in one case and
curator in the other, which had to be passed on judicial-
ly. That is to say, in those cases it was held the probate
court had not been called on to exercise any discretion,
but only to perform a ministerial act. The facts here
are essentially different; wherefore the judgment will
be reversed. All concur.