STATE OF MISSOURI EX REL. RESPINO WILSON, RELATOR, v. WM. C. MARTIN, PROBATE JUDGE OF LINCOLN COUNTY, MISSOURI, RESPONDENT.*—26 S. W. (2d) 834.

St. Louis Court of Appeals. Opinion filed April 8, 1930.

*Corpus Juris-Cyc References: Mandamus, 38CJ, section 99, p. 615, n. 31; p. 616, n. 55; section 673, p. 916, n. 68.

*Creech & Creech* for relator.

*Derwood E. Williams* and *Hostetler & Haley* for respondent.

NIPPER, J.—This is a proceeding in mandamus, brought by relator, Respino Wilson, against the probate judge of Lincoln county, Missouri, to compel the appointment of himself as administrator of the estate of his brother, John M. Wilson, deceased. It appears that John M. Wilson died intestate on April 12, 1924. At the time of his death his estate was in the hands of James L. Wilson, guardian and curator. He left surviving him, brothers, sisters, nieces and nephews. On April 24, 1924, said guardian and curator applied for letters of administration, at the same time filing in the probate court of Lincoln county, Missouri, a waiver of the right to administer, signed by all the brothers, sisters, nieces and nephews, excepting Respino Wilson and a sister, Rebecca Daugherty, who did not sign said waiver.

On April 26, 1924, relator filed his application for letters of administration, and also asked the court to remove James L. Wilson for the reason that he was a stranger to the estate. After a hearing, the probate court removed James L. Wilson, but did not pass upon the application of relator. The judgment of removal was appealed to this court. [Wilson v. Wilson (Mo. App.), 16 S. W. (2d) 737.]

On June 13, 1929, the application for the appointment of relator as administrator was heard by the probate court. There was testimony in opposition to relator's appointment, as well as to the appointment of Rebecca Daugherty, a sister. After hearing testimony *pro* and *con,* the probate court refused to appoint either relator or his

sister. The probate court in its judgment, found as a fact, that relator is a person about seventy-five years of age, feeble in body, and not on friendly terms with the majority of the heirs and distributees of said estate, and that by reason of the unfriendly and hostile feeling existing between the relator and other heirs, the best interest of said estate would not be served by the appointment of said Respino Wilson, and that the said Respino Wilson is wholly incompetent and unsuitable for the appointment.

The probate court also found that Rebecca Daugherty, the sister, is a person of little business experience, is a creditor of the estate, and that her interests are adverse and antagonistic to the remainder of the heirs and distributees, and that she is incompetent, unsuitable, and not the proper person to be appointed administratrix.

The court then ordered Edward C. Teague, a competent and suitable person, who is a resident of Lincoln county, Missouri, be appointed administrator of the estate.

The trial court refused to grant relator relief by his proceeding in mandamus in that court, and the case is brought here. We think it is clear that relator cannot maintain this action, and is not entitled to relief by virtue of any proceeding in mandamus. While mandamus will lie to compel the probate court to perform a ministerial duty (State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 1128; Flick v. Schenk, 212 Mo. 275, 110 S. W. 1074; State ex rel. v. Reddish, 148 Mo. App. 715, 129 S. W. 53), yet, we have no authority or right to interfere by writ of mandamus with the action of the probate court where its functions are judicial and it is called upon to exercise a judicial discretion. [State ex rel. Thompson v. Nortoni, 269 Mo. 563, 191 S. W. 429.]

Any decision which the probate court may make in the exercise of its judicial discretion is one which cannot be controlled by mandamus from any court. Mandamus will lie to compel the appointment of any person as administrator where the appointment of such person is made mandatory by the terms of the statute. Section 7, Revised Statutes Missouri 1919, was amended in 1917, after many of the cases referred to in the brief of counsel had been written. This section as amended, reads as follows:

"Letters of administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation shall believe will best manage and preserve the estate: Provided, however, if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other person than those above mentioned may be appointed."

By the amendment of 1917 the court is given the power and authority to appoint any competent and suitable person as administrator of an estate, if such court believes that no one of the persons entitled to administer is a competent and suitable person. The record in this case shows a solemn adjudication by the probate court that relator was not a competent and suitable person to act as administrator of this estate. The probate court heard evidence upon that question, and made such finding and adjudication, and in doing so, it exercised a judicial discretion which it was its right to exercise, and this court, nor any other court, cannot interfere by mandamus.

As stated by our Supreme Court in State ex rel. v. Nortoni, supra:

"It may be that some other probate judge might have rendered a different judgment on the question of waiver, with the facts found in this case, but that is not a matter for consideration in mandamus. It may be unfortunate that the statute provides for no appeal from the probate court in such cases, but the remedy is with the lawmakers, and not with the courts. Our cases have reached the limit in upholding mandamus to compel the appointment of a party entitled by virtue of the statute, but we have not gone so far as to hold that if, upon the application of the party entitled, a question arises which requires judicial determination, mandamus will nevertheless lie."

After the amendment of this statute the effect of the amendment was discussed by our Supreme Court in Cross v. Mullins, 307 Mo. 674, 271 S. W. 755, wherein it is stated that this amendment relieved the probate court of the necessity of appointing those who theretofore were entitled to preference, and that the probate court, or judge in vacation, was empowered to appoint others if he believes that no one of the persons to whom this statute gives preference is a competent and suitable person.

In determining the question of whether or not the persons given preference by this statute were competent and suitable to administer this estate, the probate judge was called upon to exercise a discretion, and there is nothing to indicate that this discretion was exercised arbitrarily, and the trial court was clearly right in holding that it had no authority to interfere by mandamus.

The judgment is accordingly affirmed. *Haid, P. J.,* and *Becker, J.,* concur.