Steam Boat Gen'l. Brady v. Buckley and Randolph.

---

MULLANPHY, plaintiff in error, v. ST. LOUIS COUNTY COURT defendant in error.

1. A peremptory mandamus cannot issue on the return of a rule to show cause why a mandamus should not issue, &c. A mandamus must have first issued before a peremptory mandamus can be granted.
2. The county court has no right to grant letters of administration to a stranger, before an opportunity is afforded, within the time prescri- bed by the statute, to those entitled to administer, to take out let- ters: and where the court had thus, improvidently, granted such let- ters to a stranger, the letters were properly revoked on the appli- cation of those entitled to administer.
3. An appeal lies from the decision of the county court revoking letters of administration; such appeal, however, does not operate as a su- persedeas. The provision of the statute, concerning the superse- deas, only applies to those cases in which the appellant is adjudged to pay a debt.

6    563
108   471
6    563
62a   39

Error to St. Louis Circuit Court.

B. Mullanphy in propria personæ.

1st. That the said circuit court gave judgment below in favor of defendant in error, and against plaintiff in error, whereas, by law, the said circuit court ought to have given judgment below in favor of plaintiff in error, and against defendant in error.

2d. That the said circuit court overruled plaintiff in er- ror's motion for a mandamus to issue to defendant in error commanding them to grant plaintiff in error an appeal; whereas, by the law of the land, such motion ought to have been sustained by the said circuit court.

SEPT. TERM.
1840.

Mullanphy
v.
County court
of St. Louis
county.

3d. That the said circuit court discharged the rule to shew cause made by it on defendant in error; whereas, by law, such rule ought not to have been discharged by the said circuit court.

4th. That the said circuit court gave judgment against plaintiff in error for costs; whereas, by the law, of the land, such judgment for costs against the plaintiff in error ought not to have been given.

### *Geyer for Defendant.*

1. The order granting letters to a stranger within three days of the death of the intestate, was improvident, irregular and illegal.

2. It was not only competent for the court, but it was its imperative duty to rescind such order, application for that purpose being made within the term.

3. That the revocation of the letters followed as the necessary consequence of the setting aside the grant.

4. Though the statute provides that an appeal shall be allowed on orders revoking letters; it is confined to orders made in the cases provided for by the statute of which this is not one.

5. The plaintiff did not bring himself within the provisions of the statute, by filing a bond with security, approved by the court; as is required.

6. It no where appears that the bond was approved, or was such as ought to have been approved.

7. The county court did not approve or disapprove the bond, and until then an appeal could not be allowed.

8. The case made by the plaintiff did not authorise the sueing out a mandamus.

### *Opinion of the Court by Tompkins Judge.*

#### McGirk Judge not sitting.

The county court of St. Louis county on the 10th day of June, in the year 1840, granted to Mullanphy letters of administration on the estate of Andrew J. Davis, and on the next day, to wit: on the 11th day of June, the court revoked those letters. Mullanphy prayed an appeal which the coun-

ty court refused to allow, Mullanphy filed in the circuit court of St. Louis county a petition for a rule on the county court, to shew cause why a mandamus should not issue from the circuit court, commanding the county court to grant him an appeal from the decision and order of that court revoking his letters of administration on the estate of Andrew J. Davis, granted as aforesaid. The rule was granted, and the return made thereto by the county court was that on the tenth day of June one thousand eight hundred and forty, on the second or third day after the death of Andrew J. Davis, the said Mullanphy applied to the court for letters of administration on his estate, which were granted to him on condition that said letters should be revoked, if any person better entitled to administration should apply for them, and that Mullanphy assented to this condition; that the court would not otherwise have granted them; that on the next day the brother and cousin of the deceased applied to the court for letters, and that the court conceiving the brother to be entitled by law to the letters of administration, rescinded the order granting letters to Mullanphy as aforesaid, revoked his letters, and granted administration to Phineas Davis, the brother, and John Davis, the cousin of the said deceased. It appeared also that Mullanphy when he applied for an appeal from the decision of the county court tendered a bond to prosecute his appeal &c. and that this bond was not objected to.

On this return being made by the county court, Mullanphy moved the circuit court for a mandamus to the county court commanding that court to grant him an appeal. The circuit court overruled the motion and entered up Judgment against Mullanphy. The act of 22 December 1836, provides that a mandamus shall go to the county court from the circuit court in the first instance and on the return of this writ, it shall be lawful for the person suing or prosecuting such writ to plead to &c. and on obtaining a judgment a peremptory mandamus shall go &c. A mandamus is a writ of the State which should run in the name of the State, see 19th section of the 5th article of the constitution. The county court then being brought in by mere rule of court;

*Margin:* SEPT. TERM. 1840.

Mullanphy v. County court of St. Louis county.

A peremptory mandamus cannot issue on the return of a rule to show cause why a mandamus should not issue, &c. A mandamus must have first issued before a peremptory mandamus can be granted.

SEPT. TERM.
1840.

Mullanphy
v.
County court
of St: Louis
county.

and on the answer given a peremptory mandamus being asked of the circuit court, the whole proceeding is void. I will however review the law arising in the case as if the proceedings were regular.

By the 8th section of the 1st, article of the act respecting executors and administrators, it is provided, that letters of administration shall be granted first to the husband or wife, or to those who are entitled to the distribution of the estate, or to one or more of them, as the court or clerk in vacation shall believe will best manage or improve the estate, section 6th. If no such person apply for such letters within sixty days after the death of the deceased; letters may be granted to any person whom the court or clerk in vacation may consider most suitable, 7th, section. The county court or clerk in vacation, on the application of any person interested, may issue a citation to the persons entitled to administration, calling on them to administer, and if they fail to take letters within thirty days after the service of the citation; or if the persons entitled to preference, file their renunciation thereof in the county court, letters of administration shall be granted to the person next entitled thereto, see pages 41–2 of digest of 1835.

It was a most unwarrantable act in the county court to grant letters of administration to a stranger, as Mullanphy appears on this record, before the lapse of sixty days from the death of the intestate, or before the other requisitions of the statute above stated had been complied with. But he contends that non constat but the requisitions of the statute have been complied with, or that he is entitled to distribution, and that the county court having once granted him letters of administration must be supposed to have done their duty and to have taken care that the requisition of the statute had been complied with, that is to say, it is to be presumed that the county court ascertained before the grant either that those entitled to distribution had filed their renunciation in writing, or that Mullanphy was one of those so entitled. To this it may be answered that as the grant was made within sixty days, the reasons why it was made to him ought to be shown, in order to entitle him to any fa-

vourable decision of the appellate court on the question of merits. But admit it for a moment that the first grant by the county court raised a presumption that the previous requisitions of the statute had been complied with, the revocation raised an equal presumption that those requisitions had not been complied with. In either point of view then the applicant is left to prosecute his naked appeal with a certainty of defeat, in case the requisitions of the statute had not been complied with. It was insisted with great zeal on the part of the county court that an appeal would not lie in such a case; that if an appeal would lie, such appeal would, on filing of bond according to law become a supersedeas, and the consequence would be that the most obnoxious characters might, by the delays frequently occuring betwixt the county court and the court of last resort, hold on to the administration till he had time to waste the estate. It is very true this might be the case, and the county court might not always be able to ascertain to a certainty that the security were and would remain solvent. But the language of the statute appears to me to be very plain and comprehensive. In the 1st section of the 8th article of the act p. 63, of the digest, it is said that appeals shall be allowed from the decision of the county court to the circuit court, on orders revoking letters testamentary or of administration. An appeal then in my opinion lies, and if a party be so determined he may appeal although there be a certainty of ultimate defeat. But I do not believe that the appeal bond when approved and filed entitles the appellant to have the new grant of administration superseded. The fourth section of the article last above cited provides that "every such appellant shall file in the court the bond of himself or of some other person, in a sum with security approved by the court conditioned that he will prosecute the appeal and pay all the debt damages and cost that may be adjudged against him. The fifth section provides that "after the affidavit and bond have been filed, the appeal shall be granted, but shall not be a supersedeas, to any other thing relating to the administration of the estate, except that from which the appeal is specially taken: I construe the provision concerning the

M 2

SEPT. TERM.
1840.

Mullanphy
v.
County court
of St. Louis
county.

An appeal lies from the decision of the county court revoking letters of administration; such appeal, however, does not operate as a supersedeas. The provision of the statute, concerning the supersedeas, only applies to those cases in which the appellant is adjudged to pay a debt.

SEPT. TERM.
1840.

Mullanphy
v.
County court
of St. Louis
county.

supersedeas to extend only to the subject matter of the fourth section, which, in my opinion, is where the appellant is adjudged to pay a debt.

I am of opinion then that the county court ought to have granted the appeal. But that the circuit court committed no error in refusing the peremptory mandamus, there being no previous return to a conditional mandamus.

For the reasons above given the judgment of the circuit court ought to be affirmed, and the other members of this court also being of that opinion it is accordingly affirmed.