Harney v. Scott.

————◦◦◦◦————

HARNEY, Appellant, v. SCOTT, Respondent.

1. An appeal will lie from an order of a probate court revoking letters of administration; the appeal will not, however, operate a suspension of the effect of the order.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover the hire of a certain slave alleged to have been hired by the plaintiff to defendant, and the value of certain other slaves alleged to have been wrongfully taken and converted by the defendant. Harney, the plaintiff, was appointed administrator *de bonis non* of the estate of Milton Duty, deceased. The slaves in controversy belonged to said estate. Harney, while such administrator, hired one of said slaves to the firm of Scott & Whitelaw, of which defendant Scott was a member. A will being afterwards produced and admitted to probate, the probate court made an order revoking Harney's letters, and letters of administration were granted to the defendant Scott, who thereupon took possession of the other slaves mentioned in the petition. Harney appealed from the order of the probate court revoking his letters, and this appeal was pending at the time this cause was heard in the court of common pleas. Instructions were given and refused against the objection of the plaintiff; he submitted to a nonsuit, with leave, &c.

*Krum & Harding*, for appellant.

I. The contract for the hire of the negro was made with the plaintiff in his individual capacity. The *instruction* No. 1 given is erroneous. (7 Mo. 351; 9 Mo. 377; 15 Mo. 89.) The appeal taken by the plaintiff from the order of the probate court revoking his letters of administration suspended the operation of that order so long as the appeal was pending and undetermined. The right of plaintiff to hold possession or sue for any of the property in question was not affected by said order. *Prima facie* plaintiff was entitled to the possession of the negroes.

*Hart* and *Biddlecome*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The only question in this case is whether the appeal, taken by the plaintiff, from the order of the probate court revoking

his letters of administration, suspended the effect of the order. The point was decided in Mullanphy v. County Court of St. Louis County, 6 Mo. 563, and is decisive of this case.

Judge Napton concurring, the judgment will be affirmed.