THE STATE *ex rel.* GROVER v. FOWLER, *Judge, et al.*

IN BANC.

Administrator, Appointment of: APPEAL. An appeal will not lie from an order of the probate court appointing an administrator.

*Prohibition.*

WRIT DENIED.

*Shelley Grover, John Burgin* and *Silver & Brown* for relator.

(1) Prohibition is the proper remedy in this case. High. Ex. Rem., sec. 789 ; *Fite v. Black,* 11 S. E. Rep. 782 ; *State v. Judge, etc.,* 24 La. 598 ; *State v. Judge, etc.,* 21 La. 735 ; *Cralle v. Cralle,* 81 Va. 773. (2) An appeal lies from an order of the probate court appointing an administrator, and the appeal stays all further action by the probate court so far as the appointment is concerned, and so far as the right of the probate court pending the appeal to act with or recognize the appointee is concerned. *First.* The order and judgment of the probate court which was appealed from was a final decision from which an appeal will lie. R. S. 1889, sec. 285, clause 15 ; *State ex rel. v. Megown,* 89 Mo. 156 ; *State v. Mitchell,* 3 Brevard (S. C.) 520 ; *Fletcher v. Fletcher,* 59 Vt. 98 ; *State v. Williams,* 9 Gill (Md.) 173 ; *Senseman's Appeal,* 21 Pa. St. 331 ; 1 Williams on Ex'rs [ 3 Am. Ed. from 4 London Ed.] pp. 462, 463 ; Schouler on Ex'rs & Adm'rs, 161 ; Williams on Ex'rs, bottom pp. 588, 589, and notes ; *Wilson v. Frazier,* 2 Hump. (Tenn.) 30 ; *Pate's Appeal,* 106 Pa. St. 574 ; *State ex rel. v. Field,* 37 Mo. App. 83 ; *Shaw v. Shaw,* 81 Me. 207 ; *Danby v. Dawes,* 81 Me. 30 ; *Clark v. Pishon,* 31 Me. 503–506 ; *Donaldson v. Lewis,* 7 Mo. App. 403. *Second.* The appeal suspended and superseded the judgment of the probate court in the above mentioned things, and it especially suspended and superseded the appointment of G. J. Cockrell as administrator and the letters issued to him. R. S. 1889, sec. 290 ; 1 Williams, Ex'rs [ 3 Am. Ed. from 4 London Ed.] 489, 492, and note 1, star p. 492 ; Schouler, Ex'rs & Adm'rs, sec. 161 ; *Fletcher v. Fletcher, supra ; State v. Williams, supra ;* Williams on Ex'rs, bottom pp. 588, 589, and note ; *Arnold v. Savin,* 4 Cush. 46 ; *Shaufler v. Stower,* 4 Serg. & R. 202 ; *Keyser v. Farr,* 105 U. S.

265; *Wood v. Hitchings*, 2 Beavan, 289; *Wade v. Colonial Society*, 4 Smedes & Marshall, 670; *Packman's Case*, 6 Coke, 18b; *Ella v. Welch*, 9 Wis. 395, 398. *Third.* For the word "appeal" means a proceeding by which an entire case, law, fact and all, is taken to the higher court and tried *de novo*, which proceeding operates as a stay of all proceedings in the court from which the appeal is taken.    Am. & Eng. Encyclopedia of Law, "Appeal;" 2 Bouvier's Institutes [New Ed. by Gleason] 2532; *United States v. Wonson*, 1 Gallison (U. S. C. C.) 5; Powell on Appellate Proceedings, ch. 9, *passim ; People v. Marine Court*, 2 Abb. (N. Y.) Pr. 127; *People v. Marine Court*, 11 How. (N. Y.) p. 400; *Fulton v. Hanna*, 40 Cal. 280 ; *Vicart v. Douchy*, 3 Dall. (S. C. U. S.) 321, 327; *Yeaton v. U. S.*, 5 Cranch, 281; *Cralle v. Cralle*, 81 Va. 773; *Penhallow v. Doane's Adm'r*, 3 Dall. (S. C. U. S.) 54. (3) Filing charges and objections in the probate court against an applicant for letters of administration, and showing cause why he should not be appointed at the time the application is made by him for appointment and for letters of administration, is the p.oper practice, and is regular.

*Simrall & Trimble* and *Burns & Lawson* for respondents.

 . (1) Probate courts can exercise. only such powers as are directly conferred upon them by legislative enactment.    Woerner's Am. Law of Admin., sec. 142. (2) No ecclesiastical courts exist in America, and all jurisdiction in relation to matters commonly called probate necessarily vested in the common law and chancery courts, and continued to vest in those courts until statutes were passed in the different states establishing probate courts, or courts of probate.    Woerner's Am. Law of Admin., sec. 142.    (3) There can be no appeal from any order, judgment or decree unless the right to

such appeal be given by statute. Woerner's Am. Law of Admin., sec. 543 ; *Kenrich v. Cole*, 46 Mo. 85. ( 4 ) Section 285 of the Revised Statutes of 1889 makes no provision for an appeal from orders of the probate court granting letters of administration. · ( 5 ) The statutes of this state make no provision for the appointment of an administrator *pendente lite* by the probate court, except in the following cases, viz., in case the validity of a will is contested, or the executor be a minor or absent from the state, and when the executor or administrator presents for allowance an individual claim against the estate. R. S., secs. 13, 204. ( 6 ) Section 290, Revised Statutes of 1889, expressly provides that, in matters of this kind, the appeal shall not operate as a *supersedeas.* This section has had a judicial construction by our supreme court. *Mullanphy v. County Court*, 6 Mo. 56. This case was affirmed in *Harney v. Scott*, 28 Mo. 333.

BLACK, J.—This is a proceeding in prohibition commenced in this court, based upon the following facts :

Mrs. Elizabeth Cockrell, a widow, died intestate leaving several children. Mrs. Grover, a widow, is ·a daughter, and Geo. J. Cockrell is a son, of the deceased. They each applied to the probate court of Clay county, for letters of administration upon the estate of their mother. Mrs. Grover also filed objections to the appointment of Cockrell. The probate court heard both applications ·and the objections at the same time and after due consideration overruled the objectior s, refused the application of Mrs. Grover, and appointed Cockrell administrator according to the prayer of his petition. Mrs. Grover applied for and was allowed an appeal from these orders. She thereupon moved the court to appoint an administrator *pendente lite* on the theory that the appeal operated as a *supersedeas*, which motion the court overruled. Cockrell then qualified and entered

upon the discharge of his duties as administrator. Mrs. Grover then commenced this proceeding, praying this court to prohibit and enjoin Cockrell from acting as administrator pending the appeal and the probate judge from recognizing him as such administrator.

The respondents have made full returns and assign but two reasons why the writ should not be issued, and other objections which might have been made will not be considered. The first is that an appeal will not lie from an or,er appointing an administrator; and, second, if the law allows an appeal in such cases, the appeal does not operate as a *supersedeas* so as to prevent the person appointed from discharging the duties of administrator pending the appeal.

The statute provides in detail for the appointment and removal of executors and administrators, and also for appeals from the orders and judgments of the probate court; so that it is manifest the question, whether an appeal will lie from an order appointing an administrator, must be determined by our statute, and not otherwise.

Section 285, Revised Statutes, 1889, allows an appeal from the decision of the probate court in fourteen specified cases, one of them being "on all orders revoking letters testamentary or of administration," and then concludes, "*fifteenth,* and in all other cases where there shall be a final decision of any matter arising under the provisions of this chapter." If any appeal will lie from an order appointing an administrator it must be by force of this fifteenth clause.

The fact that the legislature provided specifically for an appeal from an order revoking letters of administration, but made no mention of an appeal from an order appointing an administrator, raises a strong inference that it was not the intention to allow an appeal in the last-named cases. This inference becomes quite conclusive when we examine other provisions of the administration law. Thus the statute provides that

"letters of administration shall be granted, *first*, to the husband or wife; *second*, to those who are entitled to the distribution of the estate, or one or more of them, as the court or the judge or the clerk in vacation shall believe will best manage and preserve the estate." Sec. 7.

If no such person apply for letters within thirty days after the death of the deceased, then a citation must be issued to him or them, and if he or they then fail to appear and take out letters, then letters may be granted to any person whom the court or clerk may deem most suitable. Sec. 8. Letters may at any time be granted to any person deemed suitable, if the person or persons entitled to preference file a renunciation. Sec. 9. Various provisions are then made for revoking letters. It will be seen that the statute determines the order in which interested persons shall have the right to administer. There being no husband or wife, or he or she renouncing his or her right to administer, the law wisely leaves it to the probate court to say which of the persons entitled to distribution will best manage and preserve the estate. This matter of selecting an administrator is left to the judgment and discretion of the probate court; hence, no appeal is provided for from an order appointing an administrator. It may be said that, if there is no appeal from such an order, then the probate court may disregard the order of priority pointed out by the statute. The answer is that the court has no discretion in that matter. The law fixes the order of priority, and the court can be compelled to follow it by the writ of *mandamus.* 1 Williams on Ex'rs [6 Am. Ed. by Perkins] 502; Schouler on Ex'rs & Adm'rs, sec. 150.

The remedy by appeal is provided for by statute in many of the American states and by the English statute, but as far as our researches go those statutes make some provision for carrying on the administration during the pending litigation, such as the appointment of an administrator pending the appeal. Our statutes

provides for the appointment of a temporary administration where the validity of a will is contested, or the nominated executor is absent from the state, or a minor, the appointment to continue during the contest or minority; but we have no law which gives the probate court power to appoint an administrator pending an appeal over a contest as to who shall receive the appointment. The absence of such a statute furnishes another reason why an appeal should not be allowed. To hold the administration in abeyance during an appeal through the various courts would be disastrous to many estates. The time consumed in such a litigation would be longer than that generally consumed in closing up small estates like the one now in question.

We are cited to two early cases in this court which held that an appeal from an order revoking letters of administration does not operate as a *supersedeas*. *Mullanphy v. County Court*, 6 Mo. 563; *Harney v. Scott*, 28 Mo. 333. But we now express no opinion as the effect of an appeal from such an order, for there is no such question involved in this case. No case in this court has been cited which gives any intimation of a right in the relator to appeal from the order appointing George J. Cockrell administrator of his mother's estate; and our conclusion is that the appeal was allowed without any warrant or authority in law.

It follows that the writ prayed for in this case should be, and it is, denied. All concur.