The State v. Collier.

THE STATE OF MISSOURI *ex rel.* ANGIE ADAMSON, Relator, Appellant, v. JOHN P. COLLIER, Judge of Probate Court of Christian County, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Administration, Right to Letters of.** Until those who have a statutory right to take out letters of administration upon the estate of a decedent have been afforded an opportunity to do so for the time allowed by statute, the appointment of another person as administrator is unwarranted.

2. ————: RIGHT OF APPEAL: MANDAMUS. If a claim of a right under the statute to administer is denied by the probate court, the claimant may appeal; and, if the right of appeal is denied, it may be enforced by *mandamus*. But the merits of the claim can not be determined in the proceedings by *mandamus*, and, accordingly, the issue can not be raised therein, whether the claimant is the widow of the decedent.

*Appeal from the Christian Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED (*with directions*).

*Hammond & Pearce, W. S. Brown* and *Gideon & Gideon* for appellant.

*Lincoln & Lydy* for respondent.

ROMBAUER, P. J.—One Adamson died in Christian county on October 15, 1893, without issue. On the eighteenth of that month, the probate judge, in vacation, appointed three persons as administrators of his estate, and, subsequently, on November 16, 1893, confirmed the appointment in term time. On the thirtieth of October, 1893, the plaintiff, claiming to be the widow of Adamson, applied for administration on his estate. As the judge and court took no notice of this

application, she thereafter, on the eleventh day of December, 1893, filed a formal petition for the removal of the three administrators appointed as above, coupled with a request that she be appointed administratrix. The probate court heard evidence on this petition, and denied it on the thirteenth day of December. Within ten days thereafter the plaintiff filed her affidavit and appeal bond, praying for an appeal to the circuit court of Christian county. The probate court denied the appeal. The plaintiff thereupon sued out a writ of alternative *mandamus* in the circuit court. Upon the hearing had on the writ and return, the facts were shown as above recited, whereupon the court denied the peremptory writ, and made judgment on the writ against the plaintiff. From that judgment the plaintiff prosecutes this appeal.

The statute touching the administration of the estates of decedents provides (R. S., sec. 7): "Letters of administration shall be granted: *First,* to the husband or wife; *secondly,* to those who are entitled to distribution of the estate, *or one or more of them,* as the court or judge or clerk in vacation shall believe will best manage and preserve the estate." Succeeding sections provide that, if no such person apply for letters *within thirty days* after the death of the deceased, or, if the persons entitled to preference renounce their claim to administration, or are nonresidents of the state, letters may be granted to any person whom the court or judge or clerk in vacation may deem most suitable.

It has been repeatedly decided in this state that courts of probate are not warranted in granting letters of administration to a stranger, before those entitled to administer have been afforded, for the time allowed by the statute, an opportunity to take out letters. In *Mullanphy v. St. Louis County Court,* 6 Mo. 563, such

a proceeding was characterized as "most unwarrantable," and in *Skelly v. Veerkamp*, 30 Mo. App. 49, as a "patent irregularity." Where two or more persons are equally entitled to administration, the court may grant letters to either, and the exercise of the court's discretion is not subject to review on appeal. Such, however, is not the case where the preference is fixed by statute, because then the law fixes the order of priority, and the court can be compelled to follow it. *State ex rel. Grover v. Fowler*, 108 Mo. 470; Woerner's American Law of Administration, sec. 242. The fact that a person thus illegally passed by, if a fit person, may have his remedy by *mandamus* in the first instance, as many cases hold, in no way abridges his right of appeal. In fact, the reasons are manifold why the right of appeal is preferable.

The respondent's return to the alternative writ of *mandamus* raises an issue, which is inadmissible in this proceeding. It denies that the plaintiff is the widow of the deceased. The respondent's brief also attempts to raise an issue, which is inadmissible, namely, that the proceedings in the probate court on the plaintiff's application were *ex parte*, and without any notice to administrators already appointed. These considerations address themselves to the merits of the plaintiff's appeal, and not to her right of appeal. "It is foreign to the object and purpose, as it is inconsistent with the nature of the proceeding by *mandamus* to review judicial proceedings." *State ex rel. v. Allen*, 92 Mo. 20–24. The question whether the decision of the probate court was right or wrong can not be inquired into in this proceeding. The only question before the circuit court was whether the plaintiff was entitled to an appeal from such decision. As we are of opinion that she is entitled to such appeal, we must reverse the judgment dismissing the writ.

The judgment is reversed, and the cause is remanded to the trial court with directions to award a peremptory writ of *mandamus* to the probate court of Christian county, directing said court to allow plaintiff's appeal. So ordered. All concur.