STATE ex rel. MARY B. MITCHELL et al., Relators, Appellants, v. J. E. GUINOTTE, Judge, etc., Respondent.

### Kansas City Court of Appeals, May 27, 1905.

MANDAMUS: Administration: Next of Kin: Prior Right. The law fixes the priority of the right to administer, and when there is no dispute as to the facts, the action of the probate court in appointing the next of kin to administer is ministerial and not judicial, and mandamus will lie to compel the removal of a stranger and the appointment of the next of kin.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

REVERSED AND REMANDED (*with directions*).

STATEMENT BY BROADDUS, P. J.

The statement of relator is sufficient for an understanding of the principal questions raised in the case. It is as follows:

S. A. Mutchmore died in the State of Pennsylvania, his last will and testament being filed and admitted to probate in the probate court of Jackson county, Missouri. By his will his widow was nominated and qualified as executrix in Pennsylvania. Desiring ancillary administration in Missouri, the executrix caused the will to be probated in Jackson county, and E. R. Crutcher was appointed administrator thereof. Afterwards, the relators claiming the right to administer under the statute, appeared in the probate court and filed their petition praying for the revocation of the letters issued

to Crutcher, and the appointment of the relators in his place. After a full hearing the probate court denied the prayer of the petitioners, and, instead of appealing to the circuit court, the relators brought this action of mandamus to compel the respondent to do the act that he in the exercise of his judicial discretion determined ought not to be done. The petition in mandamus sets out the fact of the death of Mutchmore, the probate of his will, the appointment of Crutcher, the claim of right to administer on the part of relators, the voluntary submission of their claim to the probate court, the hearing and adverse determination, the value of the estate at seventy-five thousand dollars, and then prays that the respondent be commanded to revoke the Crutcher letters and issue letters to them. The return of the respondent admits the probate of the will, the grant of letters to Crutcher, the appearance of relators and hearing of their motion, and then alleges that on a full hearing of all the evidence and consideration of the law, in the exercise of his judicial discretion, his refusal to grant the prayer of the petitioners. And then denies each and every other allegation in the petition contained. The return also alleges the existence of adequate remedy at law on the part of the relators, and the failure of the petition to state facts sufficient to constitute a cause of action against respondent. The relators replied to the return denying all the new matter therein.

On hearing in the circuit court the relator, Mary B. Mitchell, was introduced and objection made on the part of respondent to the introduction of any evidence on the ground that the matter complained of in the petition was a proper matter for the determination of the probate court, and that mandamus cannot be substituted, or take the place of writ of error or appeal. This objection the court overruled. Thereupon, relator sought to establish her relationship to the testator, to which respondent objected, for the reason that it was a proper matter for the determination of the probate

State ex rel. v. Guinotte.

court, and was passed on adversely to the relators and cannot be reviewed by mandamus. After all the evidence of petitioners was in, the circuit court sustained the demurrer of the respondent and dismissed the relators' bill.

*James C. Williams* for appellants; *F. M. Black* of counsel.

(1) Letters of administration should be granted to those who are entitled to distribution of the estate, or one or more of them. R. S. 1899, sec. 7, art. 1; Mullanphy v. Court, 6 Mo. 568; Skelly v. Veerkamp, 30 Mo. App. 52; State ex rel. v. Collier, 62 Mo. App. 38; State ex rel. v. Fowler, 108 Mo. 470; Woerner, Am. Law of Administration (2 Ed.), secs. 238, 242; 11 Am. and Eng. Ency. of Law (2 Ed.), p. 771; Colton v. Taylor, 43 Ky. (4 B. Mon.) 358; Hayes v. Hayes, 75 Ind. 397; In re Nickols Estate, 21 Nev. 462; Clay v. Jackson, T. U. P. Charlt. (Ga.); Leverett v. Dismukes, 10 Ga. 98; Anderson v. Potter, 5 Cal. 63; Breen v. Pangborn, 51 Mich. 32; Bryd v. Gibson, 2 Miss. (1 How.) 568; Smith v. Moore, 4 Miss. (3 How.) 40; Sayre v. Sayre, 48 N. J. Eq. (3 Dick.) 267; Churchill v. Prescott, 2 Bradford's Sur. 304; Munsey v. Webster, 24 N. H. (4 Fost.) 126; Todhunter v. Stewart, 39 Ohio St. 181; Rollin v. Whipper, 17 S. C. 32; Cooper v. Lowerre, 1 Barb. Chancery 45; Schouler on Executors and Administrators, sec. 101. (2) The writ of mandamus lies to compel a public officer to perform a duty concerning which he is invested with no discretionary power. State ex rel. v. Adams, 9 Mo. App. 464; State ex rel. v. Field, 37 Mo. App. 83; Patton v. Williams, 74 Mo. App. 451; State ex rel. v. Garesche, 65 Mo. 480; State ex rel. v. Adams, 76 Mo. 605; State ex rel. v. Fowler, 108 Mo. 470; State ex rel. v. Oliver, 116 Mo. 188; State ex rel. v. Klein, 140 Mo. 502; State ex rel. v. Meier, 143 Mo. 439; 14 Am. & Eng.

Ency. of Law, pp. 139-140; Williams on Executors (American Note by J. C. Perkins), p. 435; Woerner's American Law of Administration (2 Ed.), sec. 545; 14 American & Eng. Ency. of Law (1 Ed.), p. 102; High on Extraordinary Legal Remedies, sec. 17; Merrill on Mandamus, 7, 8, 30, 232; Brennan v. Harris, 20 Ala. 185; Nebb v. Nebb (Md.), 5 Gill 506; Estate of Keane, 56 Calif. 407; Ebusoer v. Schieler, 50 Ohio St. 701.

*Johnson & Lucas* for respondent.

(1)  On the part of the respondent it is contended that the estate, exceeding in value forty-five hundred dollars, this court has no jurisdiction. Gartside v. Gartside, 42 Mo. App. 513; Brick Co. v. Refining Co., 48 Mo. App. 635, 636. (2)  Mandamus will not lie in this case; there is an adequate remedy at law; the relators should have appealed from the judgment of the probate court denying the prayer of their petition and dismissing the same. An appeal lies from an order of a probate court overruling a motion for the removal of an administrator. R. S. 1899, sec. 278. (3)  This clause is large enough to include the right of appeal from an order of the probate court refusing to revoke letters testamentary or of administration. Ferguson v. Carson, 13 Mo. App. 31; Owens v. Link, 48 Mo. App. 536; Ferguson v. Carson, 86 Mo. 677; State ex rel. v. Collier, 62 Mo. App. 38; State ex rel. v. Shuhman, 87 Mo. App. 576; State ex rel. v. McKee, 150 Mo. 241-3-5; State ex rel. v. Engleman, 86 Mo. 561; State ex rel. v. Balte, 151 Mo. 371; State ex rel. v. Allen, 92 Mo. 24; State ex rel. v. Heman, 108 Mo. 620; State ex rel. v. Field, 37 App. 98. (4)  The writ of mandamus cannot be used to compel an inferior court to reverse a decision which it has made in the exercise of its legitimate jurisdiction; this can only be done by a writ of error or an appeal. Ex Parte Flepperi, 4 Otto 348; Ex Parte Schwabb, 8 Otto 240; Ex Parte

Burtis, 13 Otto 238; Ex Parte Perry, 12 Otto 183; Coleman v. Dalton, 71 Mo. App. 24; Howland v. Railroad, 134 Mo. 479; State ex rel. v. Smith, 104 Mo. 424; 2 Schouler, Executor & Administrator, sec. 150; 2 Woerner, Law Admr., sec. 145, 266, 67 and 68; State v. Hoerner, 16 Mo. App. 197-201.

OPINION.

BROADDUS, P. J.—It is conceded that one of the relators, under section 7, Revised Statutes 1899, would be entitled to administer on the estate of the deceased as being the next of kin. Even if it were not so conceded, the statute leaves no room for doubt in the matter, and it is useless to comment on the authorities of relators cited on the question. The only question before the court is whether a writ of mandamus will lie to compel the probate court to set aside the order appointing Crutcher, not of kin, administrator and grant letters to relators or either of them. Respondents contend that the writ of mandamus will not lie as there was a remedy by appeal.

The question arose in State ex rel. Grover v. Fowler, 108 Mo. 465, where it was held that the right of appeal did not exist—but the remedy was by mandamus as the probate court had no discretion in the matter. In discussing the right of appeal it was said that, if such right existed it was under the fifteenth clause of section 278 Revised Statutes; and that "the fact that the legislature provided specifically for an appeal from an order revoking letters of administration, but made no mention of an appeal from an order appointing an administrator, raises a strong inference that it was not the intention to allow an appeal in the last-named case." The appeal was disallowed. If what is there said is the law, it also follows there is no appeal from the action of the court in failing to revoke an order appointing an administrator.

In Owens v. Link, 48 Mo. App. 534, it is held: "An appeal lies from an order of a probate court overruling a motion for the removal of an administrator." The decision appears to have been grounded upon the case of Ferguson v. Carson, 13 Mo. App. 29, and the court makes the statement that it was affirmed by the supreme court in 86 Mo. 677. The Ferguson case was where an appeal was taken "from the refusal of the probate court to make a preliminary order of publication for the sale of real estate to pay debts of the estate." The statute provides specifically for appeals in such cases. The question arose in State v. Collier, 62 Mo. App. 38. The court, after citing State ex rel. Grover v. Fowler, supra, and Woerner's Amer. Law of Administration, said: "The fact that a person thus illegally passed by, if a fit person, may have his remedy by mandamus in the first instance, as many cases hold, in no way abridges his right of appeal. In fact, the reasons are manifold why the right of appeal is preferable."

But the question here is not whether the right of appeal will lie in such cases, but whether the relators are entitled to the remedy by mandamus. The cases of State ex rel. Grover v. Fowler and State v. Collier are in harmony on the question whether the remedy by mandamus exists. In the former the holding is that it is the only remedy; the latter holding that it is the proper remedy where the probate court is not required to exercise judicial discretion, in which case the writ would not lie—the case decided being where the issue raised was whether the applicant was the widow of deceased. The question was not whether the applicant was the person she represented herself to be, but was she the widow in question. And as thus raised might necessitate the inquiry, whether there had been a marriage with deceased? or, perhaps, that the applicant had been divorced for good cause and all her rights as a wife had been forfeited. In determining such issues the court would be acting in a judicial capacity, exercising judicial dis-

cretion. But for reasons hereafter given, it will be seen that this case is of a different character.

The defendant states his position thus: "If a claim of right under the statute to administer is denied by the probate court, the claimant may appeal, and if the right of appeal is denied, it may be enforced by mandamus. But the merits of the claim cannot be determined in the proceedings by mandamus, and accordingly the issue cannot be raised therein whether the claimant is the widow of the deceased." This is stating the question as stated by Judge ROMBAUER in State v. Collier, supra. It amounts to this: that relators had a right to the writ of mandamus, if the probate court denied them an appeal, to compel the granting of such appeal. And that although the relators in the first instance were entitled to a writ of mandamus, yet, if the respondent's return to the alternative writ denied that plaintiffs are the next of kin of the deceased, it becomes a judicial question for the court which cannot be reviewed by proceedings on mandamus—citing State ex rel. v. Allen, 92 Mo. 20-24. That was a proceeding by mandamus to compel the respondent, a probate judge, to grant an appeal from an order of said court revoking the appointment of relator as guardian of a minor. The question here was not in issue. The return of respondent set up certain matters which he thought would justify him in refusing the appeal. The court very properly held that under the writ there could be no inquiry into matters judicial and awarded a peremptory order granting relator an appeal.

The facts for inquiry raised by respondent in his brief are; First, were the relators residents of Jackson county, Missouri? Second, was the relator, Mary B. Mitchel, the sister, and James W. Mitchell, the nephew, of the deceased testator? Third, did the testator leave any other relatives in the State of Missouri entitled to administer on his estate? Fourth, did the relators relinquish their right

to administer? Fifth, were they entitled to administer on the estate?

The return of respondent to the writ admitted that the last will of Samuel A. Mutchmore, deceased, was presented to the probate court, of which he was judge, and by him admitted to probate; that letters of administration with the will annexed were issued by him to Edwin R. Crutcher; that petitioners appeared before him and filed an application for the revocation of said letters of administration to said Crutcher; "and that this respondent upon a full hearing of all the evidence introduced upon the said petition of the petitioners herein, and a full consideration of the law in relation thereto, in the exercise of his judicial discretion, refused to set aside the order appointing Crutcher administrator as aforesaid, or to grant letters of administration to the petitioners. And this respondent says that the witnesses introduced in the hearing of said controversy were amply sufficient, in the judgment of this respondent, to justify and warrant the overruling of the motion to set aside the letters of administration granted as aforesaid to the said E. R. Crutcher, and to refuse to grant letters to the petitioners herein."

On the trial relator, Mrs. Mitchell, testified as to her residence in Jackson county; that she was a sister of the deceased; that her co-relator was her son, and also resided in Jackson county; that there was no other relatives of the deceased in the county except some infant children of the relator, James M. Mitchell. She also testified that she gave similar testimony on the hearing of her application in the probate court. The evidence of James M. Mitchell corresponded with that of his mother in every important particular. There was no evidence offered to show that relators, Mary and James M. Mitchell, were not the next of kin of deceased, and residents of Jackson county; nor that they, or either of them, were not suitable persons to administer on the estate in question. They testified, also, that they

had not renounced their right to administer on decedent's estate, and that they had not been notified that application would be made to the probate court to appoint Crutcher administrator. There was no evidence upon the part of respondent that Mrs. Mitchell was not the sister and James M. was not the nephew of the deceased; and that they were not the next of kin, and did not reside in Jackson county; and there was nothing offered to show that they were disqualified to administer for any personal reasons.

In our opinion there is nothing in the case that tends to show that the probate court's action in the premises involved in the least the exercise of judicial discretion. There was, as said, no denial of the relationship of the relators to the deceased, to their proper residence and qualifications, and that the appointment of Crutcher at the time as administrator was unauthorized. In fact, the will of deceased probated by respondents gives legacies to relators· and mentions relator, Mary, as his niece. Had there been a denial that relators were the next of kin of the deceased, and as to their proper residence, the case would have been different, for in that event the court would have been called upon to exercise a judicial discretion. In the case at bar there was no dispute. It is true that it required evidence to show the relationship of relators to deceased, and their residence. That was all. And in every case the probate court would have to ascertain similar facts before granting letters of administration. And to hold in such cases that the function of the court was judicial and not ministerial would destroy the force and intent of the statute. Because it may be necessary to identify a widow or next of kin to a deceased person does not convert the proceedings into a judicial investigation. It might with equal propriety be said, that when a cashier of a bank requires evidence of identification of a person who presents a bill of exchange at his bank for payment, he is engaged in a judicial investigation. "The law fixes the order of pri-

writ of mandamus." State ex rel. Grover v. Fowler, supra.

We believe that not only the return of respondent, but also the evidence, fails to show a lawful reason for his action in the premises. He states no fact in his return and introduces no evidence on the trial as to what act he performed that was of a judicial nature. The statement of the return that he heard witnesses whose evidence justified his action and which made it a judicial hearing involving judicial discretion, without stating and proving the import of such evidence, does not make such a showing as constitutes a good defence to the writ. It will not do merely to state that respondent's act was a judicial act—it must be shown as such. If such be the law, it would be in the power of an inferior court in every instance to defeat the writ. It must appear as a matter of fact that the action of the court did involve judicial discretion. The probate court could not, by mere denial of relators' right to administer on the estate of the deceased, convert the proceeding into a judicial inquiry. There must have been some foundation for such denial. The denial itself did not raise the issue unsupported by facts. The premises of relators' argument are mainly correct, but misapplied.

In our opinion, under the facts the relators were entitled to their writ, for which reason the cause is reversed and remanded with directions that the same be made peremptory. All concur.