MORRIS, Appellant, v. MORRIS, Respondent.

St. Louis Court of Appeals, January 21, 1908.

1. **INSANE PERSON: Costs.** In a proceeding under section
   3656, Revised Statutes 1899, to have a person adjudged insane,
   if such person is discharged, the person at whose instance the
   proceeding is had should pay the costs unless he is an officer
   acting officially.

2. **APPEALS.** Section 278, Revised Statutes 1899, providing for
   appeals from decisions of probate courts, has no provision which
   permits an appeal from a ruling of the probate court on a motion
   to retax costs in a lunacy inquiry.

3. ———: **Superintending Control by Circuit Court.** The provis-
   ion of section 1674, Revised Statutes 1899, giving circuit courts
   superintending control of probate courts, does not permit ap-
   peals from decisions of the probate court in cases not otherwise
   appealable.

128 App.—43

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Robt. A. May* for appellant.

The circuit court shall exercise a superintending control over probate courts and all inferior tribunals in each county in their respective circuits.    Sec. 23, art. 6, Constitution; State ex rel. v. Walker, 85 Mo. App. 251; 98 Am. St. Rep. 969; In re Switzer, 201 Mo. 87; Stewart v. Emerson, 70 Mo. App. 482.

*N. C. Hardin, Jr.,* and *John W. Matson* for respondent.

(1)    The law under which the proceedings was tried is a complete chapter within itself and "The whole proceeding in regard to insane persons, is regulated and prescribed by chapter 39, R. S. 1899."    Cox v. Osage Co., 103 Mo. 385; State ex rel. v. Baird, 47 Mo. 301; Ackerman v. Green, 201 Mo. 243; Greeley v. Railroad, 123 Mo. 157.    (2) The right of appeal did not exist at common law, it is purely statutory.    It does not exist, except where expressly given, and cannot be extended to cases, not within the statute.    The statutory requirements must be strictly complied with in order to confer jurisdiction on the appellate courts. Snoddy v. Pettis County, 45 Mo. 361; Greeley v. Railroad, 123 Mo. 157; Schwoerer v. Christophel, 64 Mo. App. 83; Grossland v. Admire, 118 Mo. 91; Kidder v. Wright, 72 Mo. App. 380; Breed v. Hobart, 187 Mo. 140; State ex rel. v. Fowler, 108 Mo. 465; Looney v. Browning, 112 Mo. App. 195; State ex rel. v. Guinotte, 113 Mo. App. 399.

BLAND, P. J.—On February 16, 1907, appellant filed an information in the probate court of Pike county

under the provisions of chapter 39, Revised Statutes 1899, alleging that respondent was of unsound mind and incapable of managing his affairs and praying that an inquiry of lunacy be had. On March 11, 1907, during an adjourned term of the regular February term, 1907, of the Pike Probate Court, an inquiry on the sanity of respondent was had. The jury found him to be of sound mind and the costs of the proceeding were adjudged against appellant. On March nineteenth and during the continuation of the adjourned term, a motion to retax the costs of sixty or more witnesses was filed by appellant. On Tuesday, May ninth, and during the February adjourned term, the motion was taken up and overruled by the probate court, except as to the costs of two witnesses. Afterwards, to-wit, on May fourteenth and during the regular May term, 1907, of the Pike Probate Court, appellant filed his affidavit for an appeal to the circuit court which appeal was allowed. In the circuit court respondent, appearing only for the purpose of the motion, filed his motion to dismiss the appeal on two grounds: first, that no appeal lies from the proceedings in a probate court in this character of case; and second, for the reason the appeal was not taken during the term at which the judgment appealed from was entered. The learned circuit judge sustained the motion on both grounds and dismissed the appeal. From the order sustaining the motion to dismiss the appeal, the appeal to this court is prosecuted.

Section 3656, chapter 39, Revised Statutes 1899, provides that if the person alleged to be insane is discharged, the person at whose instance the proceeding is had shall pay the costs unless said person be an officer, acting officially, etc. The probate court under this section had jurisdiction to adjudge that appellant should pay the costs of the proceedings. Section 3657, Revised Statutes 1899, provides that the court may, if just cause appear at any time during the term in which the

inquisition is had, set the same aside, and cause a new jury to be impaneled, etc. But there is no provision in the chapter for an appeal from the verdict of the jury, and no provision is made anywhere in the chapter for an appeal from a judgment for costs against the informant, or from the action of the court in any ruling on a motion to tax or retax costs. The right to an appeal in any case is purely a statutory one and in this case appellant's right to appeal to the circuit court must be found under some section of the statute not contained in chapter 39. [Breed v. Hobart, 187 Mo. 140, 86 S. W. 108; Looney v. Browning, 112 Mo. App. 195, 86 S. W. 564; State ex rel. v. Guinotte, 113 Mo. App. 399, 86 S. W. 884.] Section 278, chapter 1, Revised Statutes 1899, is the only section providing for appeals from decisions of the probate courts of the State to the circuit courts. The section contains fifteen specifications for appeal, all of which must arise under chapter one. The taxation of costs or the refusal to retax costs in a lunacy inquiry are not embraced in the section, therefore, appellant cannot look to this statute as furnishing him a right to appeal. He contends that his right rests upon section 1674, Revised Statutes 1899, which, among other things, confers upon the circuit courts of the State a superintending control over the probate courts. The superintending control conferred by this section does not embrace an appeal from a decision of the probate court to the circuit court. It can only be exercised by an original writ issuing out of the circuit court, directed to the probate court, as the writ of *certiorari,* mandamus or prohibition. We think appellant has misconceived his remedy. The judgment against appellant is that he pay the costs of the proceedings; the amount to be paid is not stated, but was ascertained by the clerk of the court, or the judge acting as his own clerk, by taxing up the costs. The taxing of the costs and the ascertainment of the

amount due each witness was a ministerial act and it may be that if improvident costs were taxed against appellant the correction of the taxation of such costs may, under the supervisory power of the circuit court, be effected by a writ of mandamus against the judge of the probate court and the witnesses in whose favor such costs were improvidently taxed. We do not decide that this may be done but simply suggest it as a possible remedy. The judgment is affirmed. All concur.