In the Matter of the Estate of SYLVANUS FLICK; H. P. FLICK, Appellant, v. J. A. SCHENK et al.

**Division Two, May 19, 1908.**

APPEAL: Refusal to Appoint Appellant Administrator. The statute does not authorize an appeal by an heir from a refusal of the probate court to appoint him administrator. Nor is there any difference between an appeal from an order refusing to appoint him administrator and one appointing as administrator the public administrator. [Following State ex rel. Grover v. Fowler, 108 Mo. 465, and distinguishing Burge v. Burge, 94 Mo. App. 15, where a son was allowed an appeal from an order revoking letters granted to him.]

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*E. R. Bartlett* and *O. D. Jones* for appellant.

Applicant's petition showed that he was entitled to letters of administration as asked and was first so entitled: Because he was an heir and distributee; because there was no widow; because all the other heirs entitled to administer having recommended him, his was the sole right; because he had applied in due form of law within thirty days of the death of the former administrator; because he possessed all of the qualifications required by law and did not come within any of the disabling conditions prescribed by statute. R. S. 1899, secs. 7 and 8. The right to letters *de bonis non* is the same as the right to original letters. R. S. 1899, secs. 46 and 47. The right of the heir is a statutory right—a sole right—is paramount to all others, and the probate court had no discretion to refuse letters. R. S. 1899, secs. 7 and 8; Adamson v. Colliers, 66 Mo. App. 38; Kopper v. Converse, 57 Mo. App.

71; Burge v. Burge, 94 Mo. App. 15; Conderet v. Henderson, 166 Mo. 537. The court had no discretion and could have been compelled by mandamus to appoint appellant. State ex rel. v. Fowler, 108 Mo. 470; Mullanphy v. St. Louis Court, 6 Mo. 563; Skelly v. Verkamp, 30 Mo. App. 49. The court could not appoint a stranger until all the heirs had been afforded an opportunity to qualify or had renounced. R. S. 1899, secs. 8 and 9.

*J. M. Jayne, Smoot, Boyd & Smoot* and *Lewis Myers* for respondents.

Even where persons have a statutory preference to administer, they may be set aside if unsuitable for the trust for it is the duty of the court to guard the interests of the estate. 19 Am. and Eng. Ency. Law (1 Ed.), 195. "Whether a particular person is a proper person to be appointed as administrator is a question which necessarily arises at the time an appointment is made, and which the probate court has ample and full jurisdiction to adjudicate and determine." Lawrence v. Englesby, 24 Vt. 42, cited in note to Dobler v. Stroble, 81 Am. St. 560. A large discretion is given the probate court in the selection of an administrator, and it is only where there is no personal disqualification that attaches to the next of kin that the probate court is required to appoint, as directed by the statute, the next of kin in the order named. Caujolle v. Ferrie, 13 Wall. 470.

GANTT, J.—This cause has been transferred to this court by the St. Louis Court of Appeals, on the ground that in the opinion of the judges of that court their opinion is in conflict with the opinion of the Kansas City Court of Appeals in Burge v. Burge, 94 Mo. App. 15.

In March, 1902, Sylvanus Flick died in Scotland

county, the county of his residence. His widow, Mrs. Sarah Flick, administered on his estate, but died before making her first annual settlement. Thereupon Henry P. Flick, one of the sons of Sylvanus and Sarah Flick, made formal application to the probate court to be appointed administrator *de bonis non* and three of the other heirs at law objected to his appointment, and the matter was heard and the probate court found from the evidence that said Henry P. Flick was not a suitable person to be administrator of said estate, among other grounds, because he had been appointed administrator of his mother and there would be a conflict of duties if he represented both estates, as there were some conflicting property rights between the two estates. The probate court further found there was no person among the heirs and distributees suitable to be administrator of Sylvanus Flick's estate and thereupon ordered J. A. Schenk, the public administrator of Scotland county, to take charge of and administer said estate. From this appointment of Schenk and refusal to appoint himself, H. P. Flick appealed to the circuit court of Scotland county. On a trial in the circuit court the judgment of the probate court was in all things affirmed, and from that judgment H. P. Flick appealed to the St. Louis Court of Appeals, and that court, on the authority of the decision of this court in State ex rel. Grover v. Fowler, 108 Mo. 465, dismissed said appeal, but deeming its judgment in conflict with the decision of the Kansas City Court of Appeals in Burge v. Burge, 94 Mo. App. 15, transferred the cause to this court. It is insisted by the appellant, H. P. Flick, that the decision of this court in State ex rel. Grover v. Fowler, 108 Mo. 465, does not control because this is an appeal, not from the order appointing Schenk administrator, but from the order refusing to appoint him administrator. But we agree with the St. Louis Court of Appeals, that the

distinction is too attenuated to be of practical application. In State ex rel. Grover v. Fowler, 108 Mo. 465, both Mrs. Grover and Cockrell had applied for administration and the probate court appointed Cockrell and refused Mrs. Grover's application. Mrs. Grover appealed and sued out a writ of prohibition in this court to prevent the probate court from recognizing Cockrell as administrator pending her appeal but this court denied prohibition on the ground that Mrs. Grover was not entitled to appeal under section 285, Revised Statutes 1889, now section 278, Revised Statutes 1899, and the 15th clause of said section. By reference to the order appointing and directing Schenk the public administrator to take charge of the unadministered estate of Sylvanus Flick and denying the application of H. P. Flick, it will be seen the facts are in all substantial respects identical and the St. Louis Court of Appeals correctly so held. It is insisted, however, that the Court of Appeals should have sustained H. P. Flick's appeal in this case on the ground that this case can be differentiated from State ex rel. Grover v. Fowler, supra, because it was ruled in that case merely that an appeal would not lie from an order appointing an administrator, whereas in Burge v. Burge, 94 Mo. App. 15, the Kansas City Court of Appeals allowed an appeal to a claimant who asserted the right to administer. An examination of that case will show that of the executors. named in the will, one had died and the other resigned, whereupon the probate court appointed a son of the testator administrator, and afterwards the widow appeared in the probate court and asserted her right to administer, and alleged no citation had been served upon her and she had not renounced her right, and moved to revoke the letters granted to her son, which motion was sustained and his letters revoked and the widow appointed. It was from the revocation of his letters the son

appealed. Section 278, Revised Statutes 1899, expressly allows an appeal from ''all orders revoking letters testamentary or of administration,'' and the appeal was clearly within the statute as pointed out in State ex rel. Grover v. Fowler. In that case, however, the appeal of the son was sustained in the circuit court and an appeal was taken to the Kansas City Court of Appeals by the administratrix. As the circuit court had jurisdiction of the appeal from an order revoking the son's letters, an appeal was properly allowed to the Court of Appeals, as its judgment was invoked, not upon the refusal to grant the son letters in the first instance, but from the revocation of the same, and the circuit court being properly possessed of that appeal, either party to it could appeal on that question, to-wit, whether the letters of the son had been properly or improperly revoked by the probate court, and that decision did not collide with the judgment of this court in State ex rel. Grover v. Fowler, supra, but the remark of the learned court that where the right to administer is denied by the probate court, the claimant may appeal, and citing State ex rel. v. Collier, 62 Mo. App. 38, finds no support in State ex rel. Grover v. Fowler. On the contrary, Judge BLACK in dealing with this identical question ruled that where the statute fixes the priority, the probate court could be compelled to follow it by mandamus, and not by appeal. [State ex rel. Grover v. Fowler, 108 Mo. l. c. 470; State ex rel. Mitchell.v. Guinotte, 113 Mo. App. 399; State ex rel. Pinger v. Reynolds, 121 Mo. App. 699.] In the last-cited cases the Kansas City Court of Appeals granted writs of mandamus to enforce the right of the next of kin to administer and the right of a minor over fifteen to select his guardian, but the reasoning of the court to the effect that an appeal would also lie in favor of a claimant who had been denied that right is not in harmony with State ex rel. Grover v. Fowler, which

was thoroughly considered and received the unanimous concurrence of this court In Banc. As pointed out in that case, the remedy by appeal is allowed in many of the States of the Union and by the English statute, but those statutes make provision for carrying on the administration pending the appeal by appointment of an administrator pending the appeal, whereas our statutes make no provision for such an appointment in case of an appeal by a claimant who has been denied the right by the probate court, and to tie up the administration of an estate while such a contest was being carried on would be disastrous to many estates. The decision in State ex rel. Grover v. Fowler was rendered in 1891 and yet the Legislature has not changed the statute as it then existed and we see no reason for overturning that case.

We think the St. Louis Court of Appeals properly construed the decision of this court, and the statute and its decision in dismissing the appeal must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.