**In the Matter of Carl NOCITA, Deceased.**

No. 61576.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 17, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1993.

Application to Transfer Denied Feb. 23, 1993.

Robert Alan Hutton, Jr., Frank J. Kaveney, Clayton, for appellant.

Rudy D. Beck, Ronald R. Fralicx, St. Charles, for respondent.

CRIST, Judge.

The Probate Division of the Circuit Court of St. Charles County entered its order advising it would issue letters of administration to Anthony Eugene Mahon, putative son of Decedent Carl Nocita and denied Appellants' motion to prevent such appointment. Appellants (Family) appealed the decision. Appeal dismissed.

Carl Nocita (Decedent) died on August 2, 1991. On August 16, 1991, Respondent (Mahon) filed an application for letters of administration. In the application, Mahon alleged that Decedent had died intestate. Mahon listed himself and Family as Decedent's heirs. He stated that as Decedent's son he was entitled to letters of administration. On October 25, 1991, before the court took any further action, Family filed what they called a "Motion to Dismiss Claims of Anthony Eugene Mahon and Remove Him as Administrator of This Estate." Family asserted that Mahon should not be granted letters of administration. They stated that Mahon had not established that he was in fact the son of Decedent. Therefore, they asserted he had no interest in Decedent's estate and should not be appointed administrator. They further moved that Thomas

---

Nocita, Decedent's nephew, be appointed administrator in lieu of Mahon.

On January 6, 1992, the court called, heard and took the motion under advisement. After submission of memorandum for and against the motion, on February 20, 1992, the circuit court denied Family's motion and stated it would appoint Mahon administrator. In its order, the circuit court states: "In his Application for Letters of Administration Anthony Mahon alleges that he is the son of the deceased. Movants have raised no issue sufficient to disqualify Anthony Mahon from acting as the administrator of the estate. The Court will order that Letters of Administration issue naming Anthony Eugene Mahon as administrator of this estate." Family appealed the threatened appointment of Mahon as administrator.

We hold that the circuit court's order is not appealable. Appeals are purely statutory, and if there is no statute allowing appeal, then none will lie. *State ex rel. Travelers Indemnity Co. v. Swink*, 440 S.W.2d 152, 155[4] (Mo.App.1969). Section 472.160, adopted in 1979, provides the grounds for appeal of decisions of the probate division of a circuit court. It states in pertinent part:

1. Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:

\*     \*     \*     \*     \*     \*

(9) On all orders revoking letters testamentary or of administration;

\*     \*     \*     \*     \*     \*

(13) On all orders denying any of the foregoing requested actions;

(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate.

§ 472.160.1, RSMo 1986. This case involves an appeal of an order wherein the trial court stated it would grant letters of administration to Mahon and denied Fami-

ly's request that the nephew of Decedent be appointed as administrator. Even though both parties continually refer to "removal" of Mahon as administrator, the circuit court has merely threatened to appoint Mahon. It did not enter an order revoking letters of administration. Historically, an order granting, or denying, an application for letters was within the discretion of the Probate Division of the Circuit Court and was not appealable. *Flick v. Schenk*, 212 Mo. 275, 110 S.W. 1074, 1075[1] (Mo.1908); *State ex rel. Grover v. Fowler*, 108 Mo. 465, 18 S.W. 968, 969[1] (Mo. banc 1891). The rationale behind these cases is stated best in *Grover:*

> [W]e have no law which gives the probate court power to appoint an administrator pending an appeal over a contest as to who shall receive the appointment. The absence of such a statute furnishes another reason why an appeal should not be allowed. To hold the administration in abeyance during an appeal through the various courts would be disastrous to many estates.

*Grover*, 18 S.W. at 969[1].

The only court to address this issue under the modern statute is *In Estate of Seabaugh*, 654 S.W.2d 948 (Mo.App.1983). In *Seabaugh*, decedent's sister and putative daughter both filed for letters of administration. The court refused to appoint either one and appointed a public administrator. The putative daughter appealed the appointment. The court dismissed the putative daughter's appeal, holding that § 472.160 did not authorize "an appeal from an order granting or denying letters testamentary or of administration in a decedent's estate." *Id.* at 957[3]. After an exhaustive analysis of the history of the statutes and cases, the court noted that § 472.160 is similar to the statute under which *Grover* was decided. First, the only provision regarding letters testamentary or of administration is for orders *revoking* them or denying revocation. Second, the court pointed out "[t]he only provision that could arguably permit ... appeal—paragraph 14 of § 472.160.1—is virtually identical with the statutory provision in *Grover*

that was held not to authorize an appeal there." *Id.*

We believe this reasoning is sound. The problems with appealing such orders are numerous and have made themselves apparent in this case. While this appeal has been pending, apparently no administrator has been appointed and assets may be wasting. Family might have allowed letters to issue and then moved to revoke them. If unsuccessful at revocation, then Family may have appealed. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 550[14] (Mo. banc 1990). Perhaps, Family might have also petitioned the court for a writ of mandamus. *Seabaugh,* 654 S.W.2d at 955[1]. Another possibility is a later action for declaratory judgment pursuant to § 527.040, RSMo Supp.1991 to have the class of heirs determined. We do not determine which, or if any, of the above remedies is appropriate.

Appeal dismissed.

AHRENS, P.J., and REINHARD, J. concur.